UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ZURICH AMERICAN INSURANCE COMPANY, | ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) ) Cause No.: ) |
| FLUOR CORPORATION, HARTFORD ACCIDENT & INDEMNITY COMPANY, AND DOES 1 THROUGH 100, | ) **JURY TRIAL DEMANDED** ) ) ) |
| Defendants. | ) ) ) ) |

## COMPLAINT

Plaintiff Zurich American Insurance Company, as successor in interest to Zurich Insurance Company, U.S. Branch ("Zurich") for its Complaint alleges upon knowledge with respect to itself and its own acts and upon information and belief with respect to all other matters, as follows:

## NATURE OF THE ACTION

1. Zurich brings this action pursuant to 28 U.S.C. § 2201, for a declaratory judgment that it has no obligation to defend and/or indemnify Fluor Corporation ("Fluor"), for actions brought against Fluor alleging bodily injury, personal injury and property damage as a result of lead operations in and around Herculaneum, Missouri, including but not limited to the operation of a primary lead smelter in Herculaneum, Missouri (the "Herculaneum Claims"). Zurich also seeks a declaration that it has no obligation to provide any contribution or indemnity to Hartford Accident & Indemnity Company ("Hartford")—due to exhaustion of any relevant policy limits— as well as seeks indemnity and/or contribution from Fluor for defense fees and costs Zurich paid in connection with the Herculaneum Claims on the basis that the Zurich Policies do not provide

coverage for the Herculaneum Claims.

2. Fluor tendered its defense and indemnification to Zurich for the Herculaneum Claims and Zurich generally accepted the defense subject to full and complete reservations of rights, asserting several bases upon which Zurich had and has no obligation to defend and/or indemnify Fluor. Those reservations of rights include but are not limited to the reasons why Zurich seeks relief through this action.

3. Under applicable law, any purported rights Fluor claimed to defense and/or indemnity were either not subject to coverage under the Zurich Policies or were extinguished by a settlement Zurich reached with its insured The Doe Run Resources Corporation ("Doe Run"), pursuant to which the Zurich Policies were exhausted with regard to the Herculaneum Claims and the personal injury coverage contained in the Zurich Policies. However, Zurich continued to defend Fluor, subject to the full and complete reservations of rights, in the remaining Herculaneum Claims following the exhaustion, in those circumstances where coverage allegedly initially existed and up until the time that the alleged coverage was determined no longer to exist. Fluor accepted the defense of the Herculaneum Claims subject to Zurich's reservations of rights.

## THE PARTIES AND THEIR CITIZENSHIP

### A. The Plaintiff

4. Zurich is an insurer organized and existing under the law of the State of New York with its principal place of business in Illinois.

### B. The Defendants

5. Defendant Fluor is a publicly-traded corporation that was incorporated in 2000. Defendant Fluor is organized and existing under the laws of the State of Delaware, and has its principal place of business in the State of Texas.

6. Defendant Hartford is a corporation organized and existing under the law of the State of Connecticut, with its principal place of business in the State of Connecticut.

7. The lead operations that are the subject of this action arise from historic mining conducted by St. Joseph Lead Company ("St. Joseph Lead") beginning in the 1950's. St. Joseph Lead was incorporated in 1864. In 1970, St. Joseph Lead's name was changed to St. Joe Minerals Corporation ("St. Joe"). Fluor merged with St. Joe through an acquisition company named Fluor Acquisition Corporation in 1981. The surviving entity was named St. Joe. Fluor's ownership of the lead business and Smelter, originally owned and incorporated by St. Joseph Lead Company, incepted in 1981. Following the expiration of the Zurich Policies in 1985 as alleged below, in 1986, Fluor contributed the lead business and Smelter to a partnership called the Doe Run Company ("Partnership") until March 25, 1994, when the interest in the Partnership was transferred to what is now known as Doe Run through a Stock Purchase Agreement. In 1994, The Renco Group, Inc. acquired St. Joe from Fluor and renamed the company The Doe Run Resources Corporation ("Doe Run").

8. Fluor was originally created in 1924, conducting construction, engineering and project management businesses. As part of its acquisition of St. Joe, Fluor operated lead, zinc and coal operations in Missouri. In 1987, Fluor sold the zinc operations to Horsehead Industries. In 1994, the lead mines were sold to Doe Run as alleged above. In 2000, Fluor restructured and transferred its historical engineering, construction and project management to a new Fluor Corporation. The remaining operations that had been acquired from St. Joe were renamed as Massey Energy Company.

## JURISDICTION AND VENUE

9. This Court has subject-matter jurisdiction over this action under 28 U.S.C. § 1332(a). All parties are citizens of the United States for diversity purposes. The citizenship of the plaintiff is diverse from the citizenship of each defendant, as stated in paragraphs 5 through 7 of this Complaint.

10. Each defendant is subject to personal jurisdiction in this district because:

(a) Fluor has conducted business in Missouri, including appearing in and defending civil actions brought in this state and in this Court against "Fluor Corporation" and making demands for defense and/or indemnification related to such civil actions. This action arises from those activities of Fluor.

(b) Hartford has conducted business in Missouri, including appearing in, defending and filing civil actions related to demands for defense and indemnity related to such civil actions. This action arises from those activities of Hartford.

11. The amount in controversy exceeds $75,000 exclusive of interest and costs. Venue in this district is proper under 28 U.S.C. § 1391, because a substantial part of the events or omissions giving rise to the claims occurred in this district, and each defendant is a resident of this district under 28 U.S. C. § 1391(c), in that each is subject to personal jurisdiction here, as set out in paragraph 9 of this Complaint.

## FACTUAL ALLEGATIONS

### A. The Zurich Policies

12. Zurich issued general liability policies to St. Joseph Lead Company and St. Joe Minerals Corporation respectively, at certain periods from December 31, 1958 to June 1, 1985 (the "Zurich Policies") as set forth below.

| Policy Number | Period |
|---|---|
| 80-53-264 | 12/31/58-12/31/59 |
| 81-49-527 | 12/31/59-12/31/60 |
| 82-64-308 | 12/31/60-12/31/61 |
| 83-50-273 | 12/31/61-12/31/62 |
| 84-13-131 | 12/31/62-12/31/63 |
| 84-87-501 | 12/31/63-12/31/64 |

| | |
|---|---|
| 84-98-029 | 12/31/64-12/31/65 |
| 85-26-760 | 12/31/65-12/31/66 |
| 85-50-737 | 12/31/66-12/31/67 |
| 85-83-917 | 12/31/67-12/31/68 |
| 85-96-343 | 12/31/68-02/04/69 |
| 86-69-900 | 03/15/71-12/31/73 |
| 87-52-260 | 12/31/73-2/4/78 |
| 88-83-748 | 02/04/78-02/04/79 |
| 88-87-314 | 02/04/79-02/04/80 |
| 89-11-952 | 02/04/80-02/04/82 |
| 80-60-784 | 02/04/82-02/04/83 |
| 80-72-010 | 02/04/83-02/04/84 |
| 32-51-983-00 (-01) | 02/04/84-06/01/85 |

13. The Zurich Policies generally provide liability coverage to the insured for claims asserting damages caused by bodily injury as follows:

Coverage A – Bodily Injury Liability.  To pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of bodily injury, sickness or disease, including death at any time resulting therefrom, sustained by any person and caused by accident.

14. Only Zurich's later policies, from 12/31/66–06/01/85, provided liability coverage for property damage.  In these policies, Zurich agreed that:

The company will pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of … Coverage B property damage to which this insurance applies, caused by an occurrence. …

Because the Zurich Policies are voluminous, Zurich incorporates by reference and attaches one

804525.1 JMP 7020.002                      5

of the Zurich Policies by example as Exhibit A.

15. The Zurich Policies, starting with the 3/15/71-12/31/73 Policy, include a "qualified pollution exclusion" clause which provided:

> Exclusions
>
> This insurance does not apply:
>
> ….
>
> (f) to bodily injury or property damage arising out of the discharge, dispersal, release or escape of smoke, vapors, soot, fumes, acids, alkalis, toxic chemicals, liquids or gases, waste materials or other irritants, contaminants or pollutants into or upon land, the atmosphere or any water course or body of water; ***but this exclusion does not apply if such discharge, dispersal, release, or escape is sudden and accidental.*** (Emphasis added.)…

Similar language was included in all the Policies through the 2/14/84-2/4/85 Policy.

16. The last policy Zurich issued, policy 32-51-983-01 for the period 02/04/85-06/01/85, contained an absolute pollution exclusion, which provided:

> [This insurance does not apply:] to bodily injury or property damage arising out of the discharge, dispersal, release or escape of smoke, vapors, soot, fumes, acids, alkalis, toxic chemicals, liquids or gases, waste materials or other irritants, contaminants or pollutants into or upon land, the atmosphere or any water course or body of water.

17. Doe Run and Fluor claimed and claim coverage for the Herculaneum Claims under the Zurich Policies.

18. Zurich generally defended and indemnified Doe Run and Fluor in the Herculaneum Claims for which a defense and/or indemnity was allegedly owed, subject to a full

and complete reservation of rights.  A true and correct copy of one of the reservations of rights letters, which generally sets forth the other bases upon which Zurich alleges there is no coverage for the Herculaneum Claims, submitted by Zurich in response to the Fluor tenders is attached hereto as Exhibit B and incorporated by reference herein in full.

B. **The Hartford Policies**

19. Hartford issued certain primary liability policies to Fluor under which Doe Run, as successor to St. Joseph Lead Company and St. Joe Minerals Corporation is an additional insured with respect to the Herculaneum Claims.  These Policies include Policy Nos. 56 MNS P13326E, 56 MNS P13338E, 56 MNS P13351E, 56 MNS P13368E, 56 MNS P13380E, 72 MSE C85803E, and 72 MSE C85809E, issued from 1981 to 1987 respectively (the "Hartford Policies").

20. The Hartford Policies generally provide liability coverage upon the same terms and conditions as the Zurich Policies, except that the Hartford Policies include Contractual Liability Coverage and Difference in Conditions Coverage where the Zurich Policies do not. Because the Hartford Policies are voluminous, Zurich incorporates by reference and attaches one of the Hartford Policies by example as Exhibit C.

21. In 1998, Zurich filed suit against Hartford for contribution to the defense and indemnity of Doe Run and Fluor in the Herculaneum Claims, in *Zurich Insurance Company v. Hartford Accident & Indemnity Company, et al.*, Orange County Superior Court, California, Case No. 791336.  In 2004, a final judgment was entered holding that Hartford provide coverage for Doe Run and Fluor (and contribution to Zurich) once certain retrospective premiums in the Hartford Policies were satisfied.  Those retrospective premiums have been satisfied.

C. **The Herculaneum Claims**

22. Beginning in 1995, the Herculaneum Claims were brought against various parties,

including Fluor and Doe Run.

23. In 2005, certain residents of Herculaneum, in Jefferson County Missouri, filed claims against Fluor, Doe Run, and others in the Missouri Circuit Court, Twenty-Second Judicial Circuit in the City of St. Louis, Missouri, for alleged injuries arising from the operation of the Smelter, including the period 1981 through 1994 (the "*Alexander/Pedersen/Heilig* Litigation"). In general, the factual allegations underlying each of these claims were that toxic emissions from the Smelter caused them injury.

24. Doe Run and its other related entities engaged in mediation with all of the plaintiffs represented by certain counsel in the *Alexander/Pedersen/Heilig* litigation, as well as the other remaining Herculaneum Claims. Doe Run and its other related entities reached a settlement with all of these plaintiffs on December 13, 2010 (the "Doe Run Settlement"). Full and complete releases from these plaintiffs were obtained in favor of Doe Run and its other related entities.

25. Fluor and its other related entities were represented by counsel at the mediation that led to the Doe Run Settlement. Fluor and its other related entities never requested that Zurich fund any settlement on its behalf at that mediation nor at any subsequent mediation of the *Alexander/Pedersen/Heilig* litigation attended by Fluor. Fluor and its other related entities were not included in the Doe Run Settlement, and the claims of the *Alexander/Pedersen/Heilig* plaintiffs against Fluor and other related entities proceeded to trial.

26. In July 2011, after a jury trial, the jury returned a verdict which found Fluor and its other related entities liable to each of the *Alexander/Pedersen/Heilig* plaintiffs for a total of $38,527,186.00 in compensatory damages and $320,000,000.00 in punitive damages.

27. The rulings made in the trial of the *Alexander/Pedersen/Heilig* litigation negate coverage for those plaintiffs under the Zurich Policies. Those rulings include, but are not limited to: (1) there is no coverage because no plaintiff at issue in the *Alexander/Pedersen/Heilig* litigation

impacts the Zurich Policies, (2) punitive damages are not subject to coverage under the Zurich Policies, and (3) Fluor's liability to the plaintiffs arises solely from Fluor's capacity as a partner in 1990 and thus is beyond the periods of the Zurich Policies.

28.     From 2008 up to the trial of the *Alexander/Pedersen/Heilig* litigation, Zurich defended and contributed to the settlement of all previously settled Herculaneum Claims, and Fluor and Doe Run obtained releases based upon those settlements.

29.     In March 2012, Zurich made payments to Doe Run through a settlement to resolve ongoing disputes with regard to coverage for the Doe Run Settlement and to resolve liabilities of both Doe Run and Fluor in connection with the property damage class action litigation styled *Doyle et al. v. The Doe Run Resources Corporation et al.,* Circuit Court for the City of St. Louis, State of Missouri, Case No. 012-8641 (the "Global Settlement").  The Global Settlement payments exhausted the Zurich Policies for the Herculaneum Claims, and the personal injury coverage for all time and as to all who claim coverage under the Zurich Policies.

30.     Through the Global Settlement, Doe Run acknowledged that the Zurich Policies were exhausted as set forth above, and Fluor agreed not to seek any further indemnity from Zurich in connection with the *Doyle* lawsuit.

## FIRST CAUSE OF ACTION
### (Declaratory Judgment)

31.     Zurich repeats and realleges the allegations set for in paragraphs 1 through 30 of this Complaint as if fully set forth herein.

32.     Zurich is entitled to a judicial declaration that the Zurich Policies did not and do not provide coverage for the defense and/or indemnity of the *Alexander/Pedersen/Heilig* litigation, and is collaterally estopped and barred by the doctrine of res judicata from asserting such coverage, as evidenced by the findings made by the trial court.

33. Upon information and belief, Fluor disputes Zurich's contention.

34. By reason of the foregoing, an actual justiciable controversy exists between the parties.

## SECOND CAUSE OF ACTION

### (Declaratory Judgment)

35. Zurich repeats and realleges the allegations set forth in paragraphs 1 through 34 of this Complaint as if fully set forth herein.

36. According to the plain meaning of the Zurich Policies, Fluor was not and is not entitled to defense and/or indemnity under the Zurich Policies for the Herculaneum Claims based upon the reservations of rights asserted by Zurich in response to the Fluor tenders of the Herculaneum Claims.

37. Upon information and belief, Fluor disputes Zurich's contention.

38. By reason of the foregoing, an actual justiciable controversy exists between the parties.

## THIRD CAUSE OF ACTION

### (Declaratory Judgment)

39. Zurich repeats and realleges the allegations set forth in paragraphs 1 through 38 of this Complaint as if fully set forth herein.

40. In 2000, Fluor Corporation undertook a reverse spin-off of certain parts of its business by which it created a new entity, named Fluor Corporation ("New Fluor"). New Fluor is not the Fluor Corporation that owned and operated the lead business acquired from St. Joe in 1981. New Fluor cannot claim a right to defense and/or indemnity under the Zurich Policies, because it did not own and/or operate those operations (from 1981 to 1994) that are the subject of the Herculaneum Claims.

41. The party against which judgment was entered in the *Alexander/Pedersen/Heilig*

Litigation is New Fluor, which is not the party which claimed defense and/or indemnity under the Zurich Policies.

42. Accordingly, Zurich is entitled to a declaratory judgment declaring that: Fluor – that is, New Fluor, has no right to defense and/or indemnification from Zurich for the Herculaneum Claims because it is not an insured under the Zurich Policies.

43. Upon information and belief, Fluor disputes Zurich's contention.

44. By reason of the foregoing, an actual justiciable controversy exists between the parties.

## FOURTH CAUSE OF ACTION
### (Declaratory Judgment)

45. Zurich repeats and realleges the allegations set forth in paragraphs 1 through 44 of this Complaint as if fully set forth herein.

46. Zurich seeks a judicial determination that the Zurich Policies were exhausted by virtue of the Global Settlement with regard to the Herculaneum Claims and the personal injury coverage in the Zurich Policies.

47. Upon information and belief, Fluor and Hartford dispute Zurich's contention.

48. By reason of the foregoing, an actual justiciable controversy exists between the parties.

## FIFTH CAUSE OF ACTION
### (Indemnity/Contribution-Fluor)

49. Zurich repeats and realleges the allegations set forth in paragraphs 1 through 48 of this Complaint as if fully set forth herein.

50. To the extent there is no coverage for Fluor under the Zurich Policies, Zurich is entitled to indemnity and /or contribution from Fluor for those defense fees and costs paid by Zurich for Fluor's defense in the Herculaneum Claims.

## **RELIEF REQUESTED**

**WHEREFORE**, Zurich respectfully requests that this Court enter judgment in Zurich's favor and declare the following:

(a) Fluor has no right to defense and/or indemnification in connection with the Herculaneum Claims because there is no coverage available under the Zurich Policies by virtue of the bases stated in Zurich's reservations of rights;

(b) Fluor has no right to defense and /or indemnification in connection with the *Alexander/Pedersen/Heilig* Litigation, and is collaterally estopped and barred by the doctrine of res judicata from asserting such coverage, based upon the rulings made by the trial court in that litigation;

(c) Fluor has no right to defense and/or indemnification under the Zurich Policies because Fluor Corporation – that is, New Fluor is not an insured under the Zurich Policies;

(d) The Zurich Policies were exhausted as to the Herculaneum Claims, and the personal injury coverage in the Zurich Policies for all time and as to all who claim under the Zurich Policies, either for defense and/or indemnity, or for equitable contribution and/or equitable indemnity, including Hartford;

(e) That Fluor must reimburse Zurich for those defense fees and costs paid on behalf of Fluor in the Herculaneum Claims; and

(f) Zurich respectfully requests that this Court award Zurich such other and further relief as this Court deems just and proper.

Dated:  March 29, 2016	Respectfully submitted,

            **BROWN & JAMES, P.C.**

            */s/ Timothy J. Wolf*
            Timothy J. Wolf, #53099
            800 Market Street, Suite 1100
            St. Louis, Missouri 63101-2501
            Phone:  314-421-3400
            Fax:  314-421-3128
            twolf@bjpc.com

            *Attorneys for Plaintiff ZURICH AMERICAN INSURANCE COMPANY*