UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| ZURICH AMERICAN INSURANCE COMPANY, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | No. 4:16CV00429 ERW |
| FLUOR CORPORATION, et al., | ) ) ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

This matter comes before the Court on Plaintiff Zurich American Insurance Company's Motion to Disqualify Defendant Fluor Corporation's Counsel. ECF No. 48.

**I.    BACKGROUND**

On March 29, 2016, Plaintiff Zurich American Insurance Company ("Zurich") filed a complaint seeking a declaratory judgment stating Zurich's insurance policies do not provide coverage for the defense or indemnity of litigation arising out of events which occurred in Herculaneum, Missouri from 1981 through 1994, and stating the insurance policies have been exhausted. ECF No. 1. The facts underlying this Motion, as stated by the parties in their briefs, are as follows.

Zurich originally insured a company called St. Joseph Lead, which later became St. Joe Minerals. From 1981 to 1994, Defendant Fluor Corporation ("Fluor") owned St. Joe Minerals. In 1994, Fluor sold its interest in St. Joe Minerals to Doe Run Resources ("Doe Run"). The insurance policies at issue, held by Fluor, cover March 15, 1981, to June 1, 1985. A California Superior Court Zurich ordered Zurich to defend Fluor and Doe Run, under the insurance policies,

1

for events arising out of Herculaneum. Doe Run was also required to indemnify Fluor pursuant to the 1994 Stock Sale Agreement transferring Fluor's interest in St. Joe Minerals to Doe Run.

For many years, Doe Run negotiated settlements that included Fluor and Zurich would approve the settlements and contribute to the payments. In 2010, Doe Run made a settlement (the "2010 settlement) which excluded Fluor and allegedly exposed Fluor to huge liability. Consequently, Fluor filed suit, in Jefferson County, Missouri, against Doe Run alleging a breach of contract and claiming Doe Run owes Fluor indemnities and for defense of lawsuits from which Fluor was excluded from settling. Fluor states Zurich promised not to favor one company over the other when defending the insurance policies, but Zurich contributed $15.8 million to the 2010 settlement without Fluor's knowledge or consent and is now claiming the policy is exhausted and no longer available. Fluor believes Zurich and Doe Run schemed to exhaust the insurance policy to avoid paying Fluor. Zurich is not a party in the state case ("Jefferson County Case") which is ongoing.

In the Jefferson County Case, a protective order was entered between Fluor and Doe Run for any discovery produced. Shortly before trial was to begin, Fluor served a third-party subpoena on Zurich, to which Zurich and Doe Run objected. Fluor sought documents related to the 2010 settlement. Various motions to compel and for protective order were filed by all parties. A special master was appointed to handle discovery disputes, and he recommended some of the requested discovery be compelled. The parties agreed the protective order between Fluor and Doe Run would also cover any discovery produced by Zurich. After the order was appealed, through writs, to Missouri State Appellate Courts and the Missouri Supreme Court, which was denied, the circuit judge presiding over the case did an *in camera* review of the documents and ordered Zurich to produce them. Zurich also provided a corporate designee for a deposition.

After the discovery was produced, Fluor requested a status conference, at which it asked the Jefferson County court for a rehearing on previously decided summary judgment motions. Additionally, Fluor sought an order allowing Fluor to add Zurich as a party to the matter, and permission to use the documents produced in discovery to assert claims against Zurich. In response, Zurich filed a motion for sanctions against Fluor's attorneys and requested an order prohibiting Fluor from using the documents. Fluor filed a motion to amend the protective order. The circuit judge presiding over the case denied the motions and did not allow Fluor to amend the protective order. The circuit judge stated Fluor may seek discovery of the same documents in the federal case, and the discoverability of those documents will be determined by the federal judge. Subsequent to these rulings, Fluor filed a counterclaim against Zurich in this federal case.

Zurich now seeks to disqualify Fluor's attorneys for violating the state protective order and asserts Fluor's counsel used the protected documents in drafting its counterclaim.

## II.  ANALYSIS

In their Motion, Zurich claims Fluor's counsel must be disqualified because they violated the terms of the protective order entered in the Jefferson County Case and used protected discovery to assert its counterclaim in this matter. Further, Zurich asserts Fluor's counsel disregarded the duty of candor to the Court and did not obey the rules of the tribunal. Zurich argues disqualification is necessary because the wrongfully obtained knowledge can never be erased from Fluor's counsels' minds. Zurich also requests sanctions against Fluor's counsel pursuant to Federal Rule of Civil Procedure ("FRCP") 11.

Federal courts have the inherent power to disqualify attorneys in order to preserve the integrity of the adversarial process. *Medical Diagnostic Imaging, PLLC v. CareCore Nat., LLC*, 542 F.Supp.2d 296, 305 (S.D. N.Y. 2008). Attorney disqualification is committed to the

discretion of the court. *Gifford v. Target Corp.*, 723 F.SUpp.2d 1110, 1116 (D. Minn. 2010). Motions to disqualify opposing counsel are subject to particular strict judicial scrutiny. *Griffen by Freeland v. East Prairie, Mo. Reorganized Sch. Dist. No. 2*, 945 F. Supp.1251, 1253 (E.D. Mo. 1996). Doubts should be resolved in favor of disqualification. *Id*. The party seeking disqualification carries a heavy burden. *Id*. Disqualification is appropriate where an attorney's conduct threatens to work a continuing taint on the litigation and trial. *Gifford*, 723 F.Supp.2d at 1116. In determining whether to disqualify counsel, a court balances the interests and motivations of the attorneys, the clients, and the public. *Id*. A party's right to select its own counsel is an important public right and a vital freedom that should be preserved; the extreme measure of disqualifying a party's counsel of choice should be imposed only when absolutely necessary. *Macheca Transport Co. v. Philadelphia Indem. Co.*, 463 F.3d 827, 833 (8th Cir. 2006). A court also takes into account a party's interest in a trial free from even the risk that confidential information has been unfairly used against it, as well as the important public right of a party to select its own counsel. *Gifford*, 723 F.Supp.2d at 1117.

Zurich has not met its burden to disqualify Fluor's counsel in this matter. The Court has reviewed the documents supplied by both parties and the counterclaim filed by Fluor. The allegations in the counterclaim can all be found in communications between Zurich and Fluor which occurred well before the discovery in the Jefferson County Case was disclosed. Zurich has failed to show Fluor's knowledge of the protected discovery has tainted this litigation when it is clear Fluor has taken steps to ensure the information it learned was not used in the counterclaim.

The Court also does not find Fluor's counsel misrepresented any facts or arguments. From the beginning, Fluor has been upfront about its concern regarding Zurich's actions in the 2010 settlement and it informed the Jefferson County Court of its belief Zurich acted improperly

in its handling of the 2010 settlement. There is no evidence presented before this Court to suggest Fluor violated the terms of the protective order or acted improperly before the Court to warrant disqualification or sanctions under Rule 11. The Court suggests, in the future, counsel for the parties focus on the substantive issues in this case. The Court has, for some time, formed an impression the acrimony among counsel is costing their clients unnecessary expense and clearly delaying disposition of this case.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff Zurich American Insurance Company's Motion to Disqualify Defendant Fluor Corporation's Counsel [ECF No. 48] is **DENIED**.

Dated this 18th Day of October, 2016.

_E. Richard Webber_
_____
E. RICHARD WEBBER
SENIOR UNITED STATES DISTRICT JUDGE