UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| ZURICH AMERICAN INSURANCE COMPANY, | ) ) ) | |
|---|---|---|
| Plaintiff(s), | ) ) | Case No. 4:16CV00429 ERW |
| vs. | ) ) | |
| FLUOR CORPORATION, et al., | ) ) | |
| Defendant(s). | | |

## MEMORANDUM AND ORDER

This matter comes before the Court on Fluor Corporation's Motion for Sanctions against Plaintiff/Counter-Defendant Zurich American Insurance Company [162] and Zurich American Insurance Company's Motion for Order Enlarging Time to Produce Documents Responsive to the Court's August 24, 2018 Order and October 17, 2018 Order, to November 14, 2018 Due to Excusable Neglect [166].

This lawsuit was filed in March 2016. The first substantive motion the Court had to decide was a Motion to Disqualify Defendant Fluor Corporation's Counsel by Zurich American Insurance Company ("Zurich"). Since that first motion, which was denied, the Court has handled numerous discovery issues between the parties which have included motions to compel, motions for reconsideration, *in camera* reviews, telephone conferences, and in court hearings. In January 2018, the parties raised an issue regarding the applicability of the insurer/insured privilege and the settlement privilege. The Court ordered the parties to brief the issue, and in an order in March 2018, the Court outlined the scope of the privileges as applied in this case. The Court also ordered communications to be produced, according to parameters set by the Court's order, and to submit documents to the Court for *in camera* review if there were any further disputes.

1

Zurich produced documents from its privilege log to the Court for an *in camera* review, which the Court conducted immediately. It came to the Court's attention Zurich had produced redacted documents to the Court, failed to produce some documents, produced incomplete documents, and produced documents that referenced attachments, but did not include those attachments. The Court ordered Zurich to produce the documents in complete, unredacted form. On August 24, 2018, the Court completed its *in camera* review and ordered Zurich to submit any objections to the Court's ruling within seven days, which Zurich did. The Court overruled Zurich's objections and ordered the documents to be produced within seven days of the order. Zurich filed a motion for reconsideration, which the Court denied. In this order, the Court stated "All prior rulings and orders requiring Zurich to disclose documents to Fluor must be honored and will be enforced by sanctions if documents previously ordered disclosed are not disclosed, in unredacted format, in three business days from the date of this order." [155].

Zurich did not comply with the Court's orders. Some documents were not produced; others were produced in redacted form. It also became clear Zurich produced different documents for *in camera* review than what was listed on their privilege log. During the hearing held on the Motion for Sanctions, Zurich explained to the Court there were technical mishaps with their discovery and a paralegal and associate had misfiled documents. Zurich also criticized the Court's decisions stating, in filed document, "it appears that the Court did not withhold attorney-client privileged documents" and "it appears that the Court did not review the documents to withhold documents that were created within the confines of a mediation," [149] despite the Court clearly stating in its prior order it had reviewed the documents for these privileges. The Court does not believe Zurich's actions were the result of technical mishaps with

their discovery. The Court concludes Zurich's failure to comply with its orders was willful conduct.

In order to impose sanctions under Rule 37, there must be an order compelling discovery, a willful violation of that order, and prejudice to the other party. *Chrysler Corp. v. Carey*, 186 F.3d 1016, 1020 (8th Cir. 1999). The Court has broad discretion to shape an appropriate remedy, whether it's entering default judgment, striking pleadings, providing an adverse jury instruction, or awarding attorney's fees and costs. *Stevenson v. Union Pacific R. Co.*, 354 F.3d 739, 745-46 (8th Cir. 2004). In creating an appropriate remedy, the Court should consider "the reason for noncompliance, the surprise and prejudice to the opposing party, the extent to which allowing the information or testimony would disrupt the order and efficiency of the trial, and the importance of the information or testimony." *Wegener v. Johnson*, 527 F.3d 687, 692 (8th Cir. 2008).

Zurich's conduct throughout this matter has caused significant delay in this case. The Court has now entered a Fourth Amended Case Management Order and a trial date is set for February 2020, despite this lawsuit being filed in 2016. Fluor has incurred significant prejudice in the delay caused by these discovery issues, and through the time, effort, and resources required to file motions to compel and attend numerous hearings with the Court on this matter. The Court finds Zurich's conduct has caused Fluor substantial prejudice.

Despite numerous warnings of sanctions, and numerous indications there was a problem with their discovery responses, Zurich continued to refuse to produce documents or produced the wrong documents, in the Court's judgment, to prevent Fluor from gaining access to documents damaging to Zurich's case. The documents the Court has ordered produced are vital to Fluor's case against Zurich. This conduct and the importance of the documents leads the Court to find Zurich's violations of the Court's orders were willful.

The Court finds the appropriate sanctions to address the violations of the Court's discovery orders are for an adverse jury instruction to be given at trial and attorneys' fees and costs be awarded to Fluor for their efforts to obtain this discovery. The exact language of the adverse jury instruction will be decided, by the Court, at the time of trial. Fluor shall submit to the Court, within fourteen days of this order, an itemized list of the attorneys' fees and costs incurred in seeking this discovery. The Court will then review this and determine an appropriate award of attorneys' fees and costs.

Accordingly,

**IT IS HEREBY ORDERED** that Fluor Corporation's Motion for Sanctions against Plaintiff/Counter-Defendant Zurich American Insurance Company [162] is **GRANTED, in part,** and **DENIED, in part**.

**IT IS FURTHER ORDERED** that Zurich American Insurance Company's Motion for Order Enlarging Time to Produce Documents Responsive to the Court's August 24, 2018 Order and October 17, 2018 Order to November 14, 2018 Due to Excusable Neglect [166] is **DENIED**.

So Ordered this 26th day of February, 2019.

                                                **E. RICHARD WEBBER**
                                                **SENIOR UNITED STATES DISTRICT JUDGE**