# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| ZURICH AMERICAN INSURANCE COMPANY, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | No. 4:16CV00429 ERW |
| FLUOR CORPORATION, et al., | ) ) ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter comes before the Court on Plaintiff/Counter-Defendant Zurich American Insurance Company's Motion to Compel Compliance with Subpoena Duces Tecum to Third Parties Witnesses [ECF No. 327].

## I. BACKGROUND

The Court will briefly review and summarize the history of this litigation relevant to the Motion to Compel currently pending before it. Plaintiff Zurich American Insurance Company ("Zurich") issued general liability policies to St. Joseph Lead, which later became St. Joe Minerals ("St. Joe"). In 1981, Fluor purchased St. Joe and in 1994, Fluor sold its interest to Doe Run Resources ("Doe Run"). In the 1990s, Fluor and Doe Run were sued for a number of bodily injury and property damage claims arising from St. Joe's lead smelter facility in Herculaneum, Missouri (the "Herculaneum Lawsuits"). Eventually, in the Herculaneum Lawsuits, after mediation on November 18, 2010, Doe Run reached a settlement with many of the plaintiffs ("Doe Run Settlement"). Fluor was not included in the settlement. The claims against Fluor proceeded to trial and resulted in a judgment against Fluor for $38,527,186 in compensatory damages, and $320 million in punitive damages.

1

Doe Run sued Zurich regarding Zurich's duty to indemnify Doe Run for settlement of the Herculaneum Lawsuits. In 2016, Doe Run and Zurich reached a settlement agreement in which Zurich agreed to pay $15.88 million toward Doe Run's settlement of the Herculaneum Lawsuits. In 2012, Fluor sued Doe Run in Jefferson County, Missouri (*Fluor Corporation et al. v. The Doe Run Resources Corp, et. al.*). Fluor asserted Doe Run was required to indemnify and defend Fluor in the Herculaneum Lawsuits and it was a breach of contract to exclude Fluor from the Doe Run Settlement. After Fluor sued Doe Run in Jefferson County, Zurich filed the suit before this Court seeking a declaratory judgment stating Zurich's insurance policies do not provide coverage for the defense or indemnity of Fluor's litigation in the Herculaneum Lawsuits and the policies are exhausted. Fluor filed a counterclaim alleging Zurich wrongfully failed to settle and wrongfully withdrew its defense of Fluor in the Herculaneum Lawsuits.

In the *Fluor v. Doe Run* action in Jefferson County, Fluor issued a third-party subpoena to non-party Zurich requesting communications between Zurich and Doe Run about the mediation, the Doe Run Settlement, and Doe Run's subsequent settlement with Zurich. Zurich and Doe Run objected to disclosure of the communications pursuant to the insurer-insured privilege and a settlement/mediation privilege. The Jefferson County court appointed a special master to review the dispute. The Jefferson County court adopted the special master's recommendation and allowed certain limited production pursuant to an Amended Stipulated Protective Order which prohibited use of the documents in any other action.

In April 2016, Fluor filed a motion in the Jefferson County action to modify the Amended Stipulated Protective Order so documents designated as Confidential and Highly Confidential in that action could be used in the instant case. *See* ECF No. 335-2. Zurich and Doe Run opposed the modification. Counsel for Zurich argued that under Paragraph 9, the

documents it produced and marked Confidential and/or Highly Confidential could only be used in the Jefferson County action. ECF No. 335-1 at 5. In denying Fluor's Motion, the Jefferson County Court noted Zurich had "relied on the protections of the order in producing the Highly Confidential documents and the corporate representative, with the expectation that the Zurich discovery would be used for purposes of that action only." ECF No. 335-2 at ¶ 6.

In this case, the protections of the Amended Stipulated Protective Order were again at issue when, on July 11, 2019, Zurich propounded subpoenas for the depositions of Doe Run's corporate representative (Marc Halpern); Doe Run's defense counsel Andrew Rothschild; Edward J. Dowd, who represented additional defendants who settled with Doe Run; and underlying plaintiffs' counsel Gerson Smoger. Zurich also served subpoenas duces tecum, directing the Third Parties to produce their own respective deposition transcripts from the Jefferson County lawsuit.[1]

On July 17, 2019, counsel for Doe Run, Andrew Rothschild, and Edward Dowd objected to the production of the transcripts. On October 29, 2019 Zurich contacted the Third Parties to discuss the objections. On November 26, 2019, Zurich filed a Motion to Compel Compliance with Subpoena Duces Tecum to Third-Party Witnesses. In its Motion to Compel, Zurich states Doe Run, Andrew Rothschild, and Edward Dowd have objected to the production of their deposition transcripts on the basis that the materials: contain privileged information,[2] are subject

---

[1] Zurich's subpoenas directed to each individual witness (i.e. Gerson Smoger, Edward L. Dowd and Andrew Rothschild) demand the production of their own respective deposition transcripts, including the exhibits referenced in those deposition transcripts, and the subpoena directed to Doe Run also demands the production of all three transcripts and exhibits.

[2] In their Opposition to Zurich's Motion to Compel, the Third Parties (Doe Run, Dowd and Rothschild) state that although they objected to the subpoenas on the basis of the settlement/mediation privilege, the issues with these privileges have been resolved. Specifically, they state "the Third Parties have agreed that for purposes of this action only they would waive

3

to the Amended Stipulated Protective Order entered in the related Jefferson County Lawsuit, and contain irrelevant and confidential and proprietary information.

On December 3, 2019, Zurich, Doe Run, Andrew Rothschild, and Edward Dowd submitted a Joint Summary to the Court requesting a telephone conference regarding Zurich's Motion to Compel. This letter set forth their dispute over the effects of the Amended Stipulated Protective Order in place in the Jefferson County Lawsuit. At a telephone conference held on December 6, 2019, the Court heard argument concerning the pending Motion to Compel, addressed certain discovery disputes, and ordered that the Third Parties' Opposition to Zurich's Motion to Compel should be filed in accordance with the local rule. On December 10, 2019, the Third Parties filed their Response in Opposition to Zurich's Motion to Compel.

## II.     DISCUSSION

The issue before this Court is whether the Court should compel production of the subpoenaed Third-Party deposition transcripts from *Fluor Corporation et al. v. The Doe Run Resources Corp, et. al.* given the protective order that remains in place. In its Motion to Compel, Zurich argues the Third Parties are not bound by the protective order in the Jefferson County Lawsuit. Specifically, Zurich contends that because the Third Parties have been subpoenaed as producing parties, the protective order in the *Fluor v. Doe Run* case cannot shield them from producing discovery. Zurich alternatively argues that even if the Jefferson County protective order applies to the subpoenaed documents, this Court should modify or supersede it.

In response, the Third Parties argue the language of the protective order in the Jefferson County Lawsuit precludes the production of the transcripts in this action. The Third Parties also

---

any settlement or mediation privilege. It is the Third Parties understanding that all necessary persons or entities have agreed to this request and this issue is resolved." As such, the Court finds it unnecessary to consider Zurich's arguments regarding privilege in its Motion to Compel any further.

contend any determination of whether the protective order can or should be modified to allow the production of these documents is a matter for the court in Jefferson County, not this Court.

The Court finds that the language of the Amended Stipulated Protective Order is clear that information designated as Confidential was only to be used for purposes of the Jefferson County action and not to be used in any other action or litigation. Under the Amended Stipulated Protective Order, a party or non-party producing Discovery Material (a "Producing Party") may designate as "Confidential Discovery Material" or "Highly Confidential Discovery Material" all or a portion of any documents, information, materials, testimony or other things disclosed or produced. ECF No. 327, Ex. 3 at ¶ ¶ 4, 5. Moreover, under the protective order, any Producing Party may designate portions or all of a *deposition transcript* as Discovery Material by making such designation on the record during the deposition. *Id.* at ¶ 5(d) (emphasis added). The order further states that "portions designated during the deposition as Discovery Material shall be separated and treated as Discovery Material consistent with the provisions of this Protective Order and shall be fully subject to the relevant provisions of this Protective Order." *Id*. Paragraph 9 of the protective order, governing the use of Discovery Material, states:

> All information designated as Discovery Material shall be used only for purpose of this action, *Fluor Corporation, et al. v. The Doe Run Resources Corporation, et al.,* Case No. 12-JE-CC-00090, and not for any other action, litigation, business or other purposes whatsoever. All information, in whatever form, discovered from examination of documents containing Discovery Material, and all information derived from a review of Discovery Material, shall likewise be used only for connection with this Action and shall not be used for any other purpose whatsoever.

*Id.* at ¶ 9.

Here, it is undisputed the deposition transcripts at issue were designated as "Confidential Discovery Material" or "Highly Confidential Discovery Material" by the Third Parties. Thus, the Court finds the language of the Protective Order expressly limits the use of the deposition

5

transcripts to the *Fluor v. Doe Run* case. Zurich argues that because the Third Parties have been subpoenaed as "Producing Parties," the protective order in the Doe Run case cannot shield them from producing discovery. Zurich relies on the language in the Amended Stipulated Protective Order, which provides "*[n]othing in this Protective Order shall restrict, or be construed as restricting, a Producing Party's use of its own Discovery Materials. . .*'" *Id.* at ¶ 4 (emphasis added). According to Zurich, this language establishes that the protective order anticipates production of materials if subpoenaed in another action, regardless of the designation of those materials as confidential by a producing party.

The Court rejects Zurich's interpretation of the protective order's language. What protection would the Amended Stipulated Protective Order afford if the mere act of producing discovery rendered it susceptible to production in any subsequent collateral litigation, even where the producer was a third party to the subsequent action? The Court finds that, while the Amended Stipulated Protective Order permits the Third Parties to use their confidential information for their own purposes, its plain language does not allow Zurich to compel production of the confidential information in this lawsuit. Paragraph 9 clearly states "Discovery Material shall be used only for purpose of this action."

Moreover, the Court notes Zurich itself relied on the Court's interpretation of the protective order's language when it opposed Fluor's motion to modify the Amended Stipulated Protective Order. In 2016, Fluor sought modification from the court in Jefferson County in order to obtain information produced by Zurich in the Jefferson County Lawsuit for use in this case. In opposing the Motion to Modify, Zurich argued that under Paragraph 9 of the Amended Stipulated Protective Order, the documents it produced and marked Confidential and/or Highly Confidential could only be used in the *Fluor v. Doe Run* action.

Zurich further argues that even if the protective order shields the subpoenaed documents from protection in this action, this Court may modify or supersede it. The Court declines to do so. Instead, the Court agrees with this Court's conclusion in *National Ben. Programs, Inc. v. Express Scripts*, 2011 WL 6009655 (E.D. Mo 2011), that, as long as a protective order remains in place, the court that entered the order retains the power to modify it, even if the case is dismissed.

Accordingly,

**IT IS HEREBY ORDERED** Zurich American Insurance Company's Motion to Compel Compliance with Subpoena Duces Tecum to Third Parties Witnesses [327] is **DENIED**.

Dated this 13th Day of December, 2019.

_____
E. RICHARD WEBBER
SENIOR UNITED STATES DISTRICT JUDGE