# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| ZURICH AMERICAN INSURANCE COMPANY, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | No. 4:16CV00429 ERW |
| FLUOR CORPORATION, et al., | ) ) ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Defendant Counterclaimant Fluor's Motion for Leave to Amend Counterclaims [341]. The Motion is fully briefed. For the reasons that follow, Fluor's Motion will be denied.

## I.  BACKGROUND

On March 29, 2016, Zurich filed suit in this Court, seeking declaratory judgment with respect to certain general liability policies issued by Zurich to Fluor. Fluor answered the Complaint and filed its Counterclaims [42] on June 28, 2016. In its Counterclaim, Fluor asserts three causes of action: 1) breach of Zurich's duty to defend; 2) breach of the covenant of good faith and fair dealing-bad faith failure to settle and defend; and 3) unreasonable refusal to pay. On August 17, 2016, the Court issued the first Case Management Order, which set a deadline to amend the pleadings of January 17, 2017. The Case Management Order was subsequently amended on April 12, 2017, May 22, 2018, February 22, 2019, October 2, 2020, and February 21, 2020. While the Court has amended the case management order multiple times to extend discovery deadlines, the deadline to amend pleadings remained unchanged.

On December 26, 2020, Fluor filed a Motion for Leave to Amend Counterclaims [341]. Fluor seeks leave to add a fourth cause of action for breach of fiduciary duty. Fluor also seeks to amend several paragraphs throughout its original counterclaim. For example, in Fluor's prayer for judgment, it seeks to amend the paragraphs seeking consequential damages for each of the three original causes of action. Specifically, for each cause of action, Fluor asks for consequential damages and "the resulting lost weighted cost of capital." ECF No. 339.2 at 22-23.

## II. LEGAL STANDARD

Where a party seeks leave to amend a complaint after the deadline in the applicable case management order has passed, the Federal Rule of Civil Procedure 16(b) good-cause standard applies first, then the "when justice so requires" standard of Rule 15(a) applies. *Sherman v. Winco Fireworks, Inc.*, 532 F.3d 709, 716 (8th Cir. 2008). Rule 16(b)(4) states, "A schedule may be modified only for good cause and with the judge's consent." Rule 15(a)(2) states, "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires."

Rule 16(b) governs the issuance and modification of pretrial scheduling orders while Rule 15(a) governs amendment of pleadings. Fed. R. Civ. P. 16(b) and 15(a). "The primary measure of good cause is the movant's diligence in attempting to meet the order's requirements." *Sherman*, 532 F.3d at 716 (quoting *Rahn v. Hawkins*, 464 F.3d 813, 822 (8th Cir. 2006)). Good cause requires a change in circumstance, law, or newly discovered facts. *Hartis v. Chicago Title Ins. Co.*, 694 F.3d 935, 948 (8th Cir. 2012). If a party has been diligent in meeting the scheduling order's deadlines, the Court should then decide if the amendment is proper under Rule 15(a), including whether the other parties will suffer prejudice. *Sherman*., 532 F.3d at 716-17. A court

should only deny leave to amend when there is undue delay, bad faith on the part of the moving party, futility of the amendment, or unfair prejudice to the non-moving party can be demonstrated. *Roberson v. Hayti Police Dept.*, 241 F.3d 992, 995 (8th Cir. 2001).

## III. DISCUSSION

The Court will first address whether Fluor meets the good cause threshold required under Rule 16(b)(4). Fluor argues good cause exists because it has acted diligently to obtain discovery from Zurich in the face of Zurich's obstruction. Fluor further contends its proposed amendment is based upon newly discovered facts Zurich wrongfully prevented Fluor from obtaining earlier in this litigation. Zurich counters that Fluor has not shown good cause as Fluor has not expeditiously moved to amend. Zurich also asserts Fluor's contention that motion to amend is based on newly discovered evidence is without merit.

The Court agrees Fluor has diligently sought to obtain discovery from Zurich, expending significant time, effort, and resources in the process. This Court has handled numerous discovery issues, including motions to compel, motions for reconsideration, *in camera* reviews, telephone conferences, and in-court hearings. The Court further agrees that Zurich has engaged in obstructive conduct injurious to this litigation. On February 26, 2019, the Court found Zurich had willfully failed to comply with this Court's Orders to produce responsive discovery to Fluor. *See* ECF No. 204. The Court issued sanctions against Zurich, stating Zurich's conduct caused significant delay in this case and significant prejudice to Fluor. *Id.* Because discovery issues persisted, Fluor filed a second Motion for Sanctions against Zurich on August 1, 2019. In response, the Court ordered Zurich to produce "all responsive documents" from July 2009 through March 2012, from four categories of evidence "with the understanding that any [ ]

3

privilege is waived." ECF No. 308 at 2. Fluor's third Motion for Sanctions, seeking dispositive sanctions against Zurich, is currently pending before the Court.

Although the Court acknowledges Fluor's diligent efforts to obtain discovery from Zurich, the question at issue here is whether Fluor has diligently attempted to comply with the Court's deadline to amend or supplement the pleadings of January 17, 2017. Fluor filed its Motion for Leave to Amend Counterclaims almost 3 years after the January 17, 2017 deadline expired. The Motion was filed on December 26, 2020, 4 1/2 months before the May 18, 2020 trial setting and over 3 1/2 years after the case was filed.

Despite the long delay in seeking amendment, Fluor argues it has good cause to amend its pleadings based on critical new evidence produced late in this litigation by Zurich. Fluor states the newly uncovered evidence shows Zurich breached its fiduciary duties to Fluor by prioritizing its own financial interest, disregarding its attorneys' recommendations to consummate a settlement that protected Fluor, concealing material information from Fluor, misleading Fluor regarding Zurich's intentions leading up to and following the mediation, and creating a "framework" to artificially exhaust the policies and cut off Fluor. ECF No. 340 at 7. Fluor asserts it could not have amended its pleadings to conform to this late-produced evidence before the amendment deadline in January 2017.

The Court disagrees. Ever since Fluor filed its first counterclaim on June 28, 2016, Fluor included in its pleadings the above allegations that Zurich prioritized its own financial interest, failed to consummate a settlement that protected Fluor, concealed material information from Fluor, misled Fluor regarding Zurich's intentions leading up to and following the mediation, and created a "framework" to artificially exhaust the policies. For example, the original counterclaims contain the following allegations:

- "Zurich unreasonably, consciously and willfully failed to pursue settlement and contribute amounts within the Fluor Policy limits, to ensure that Fluor and its affiliates were included in, and obtained a release as part of, the Doe Run Global Settlement." ECF No. 42 at ¶ 68(b).
- "Zurich unreasonably, consciously and willfully worked in tandem with Doe Run to undermine Fluor's rights under the Fluor Policies." *Id.* at ¶ 68(c)
- Doe Run and Zurich were aware of a . . . global settlement offer, [that] would have included a full release of Fluor." *Id.* at ¶ 28.
- "Doe Run advised Zurich of its intention to repudiate the parties' prior course of dealing, and pursue a settlement on its own behalf that excluded Fluor." *Id.* at ¶ 29.
- Zurich was aware of and participated in settlement discussions with Doe Run regarding a global settlement of the Bronson/Smoger Lawsuits on Doe Run's behalf only." *Id.* at ¶ 29.
- "Zurich did not take reasonable steps to consummate a global settlement . . . that included a release of Fluor." *Id.* at ¶ 33.
- "Zurich structured the payments it made as part of its contribution to the Doe Run Global Settlement to substantially prejudice Fluor by artificially and improperly "exhausting" the limits of the Fluor Policies and therefore terminating Zurich's obligations for certain Underlying Actions." *Id*. at ¶ 39.
- "Notwithstanding Zurich's false assurances that it would protect Fluor's interests in connection with the settlement of the Underlying Actions. . . , Zurich secretly contributed the $15.8 million to Doe Run without Fluor's knowledge or consent." *Id.* at ¶ 37.
- "Zurich unreasonably, knowingly and willfully gave greater weight to its own interest of minimizing its coverage liabilities under the Fluor Policies than it has accorded to Fluor's interest. . . ." *Id.* at ¶ 68(d).
- "As a result of Zurich's decision to favor its own financial interests over Fluor's coverage rights, Fluor was forced to pay more than $300 million to obtain a settlement." *Id.* at ¶ 41.
- "Zurich's unreasonable and malicious attempt to "exhaust" the Fluor Policies through payments to Doe Run, in contravention of Fluor's express objections, constitutes a purposeful scheme to frustrate the agreed upon purposes, and to injure Fluor's rights to receive the benefits, of the Fluor Policies in order to further Zurich's own economic interest." *Id.* at ¶ 43.

If Fluor had a sufficient factual and legal basis to make these allegations in its counterclaim in June of 2016, then it had a sufficient factual and legal basis to include them in a

breach of fiduciary duty claim before the January 17, 2017 deadline for amending pleadings. *See Amerisure Mut. Ins. Co. v. Fed. Ins. Co.*, No. 4:15-CV-509-SPM, 2016 WL 3141339, at *2 (E.D. Mo. June 6, 2016).

Further, the Court has reviewed the detailed examples of the "new" evidence provided by Fluor as the impetus for its proposed breach of fiduciary duty claim. The Court notes that many of the new facts detailed in Fluor's memorandum are closely related to the allegations set forth in its first counterclaim and listed above by the Court. Moreover, approximately eighty percent of this "new" evidence was obtained from Zurich in May and August of 2019, yet Fluor's motion to amend was filed several months later, on December 28, 2019. Fluor's decision to wait 4 months before seeking amendment does not satisfy the diligence requirement imposed by Rule 16(b). Although the newly obtained evidence might certainly bolster a claim for fiduciary duty, as noted above, Fluor had an adequate factual and legal basis to assert the claim at the outset of this case.

With regard to Fluor's other proposed amendments to its counterclaims, the Court finds Fluor failed to establish the good cause required by Rule 16(b) for modification. In its Memorandum in Support of its Motion to Amend Counterclaims, Fluor does not address these additional proposed changes to its counterclaims. Later, in its Reply to Zurich's Opposition, Fluor acknowledges these amendments, but characterizes them as non-substantive, gives no reason for Fluor's delay in seeking them, and fails to argue good cause exists for amendment.

For the above reasons, the Court concludes Fluor did not diligently pursue its proposed amendments to its counterclaim. The record shows Fluor knew the facts and law necessary to make a claim for breach of fiduciary duty before the deadline for amending pleadings, yet did not attempt to include the claim or its other proposed changes in its pleadings until almost three

years after the deadline for moving to amend pleadings had passed. The Court finds Fluor has provided no valid reason for the delay. Because Fluor cannot show that it has diligently pursued this claim, it cannot satisfy the good cause standard of Rule 16(b)(4). In light of Fluor's lack of diligence, the Court need not address the question of whether Zurich would be prejudiced by permitting the amendment or other arguments raised by the parties pertaining to Rule 15(a).

Accordingly,

**IT IS HEREBY ORDERED** that Fluor's Motion for Leave to Amend Counterclaims [341] is **DENIED**.

**IT IS FURTHER ORDERED** that Zurich's Motion to File Supplemental Memorandum in Support of its Opposition is [356] is **GRANTED**.

Dated this 4th Day of March, 2020.

_____
E. RICHARD WEBBER
SENIOR UNITED STATES DISTRICT JUDGE