**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| ZURICH AMERICAN INSURANCE COMPANY,<br><br>      Plaintiff,<br><br>vs.<br><br>FLUOR CORPORATION, HARTFORD ACCIDENT & INDEMNITY COMPANY, AND DOES 1 THROUGH 100,<br><br>      Zurich.<br><br>AND RELATED COUNTERCLAIMS AND CROSS-CLAIMS | Case No. 4:16-CV-00429 ERW<br><br>**DEFENDANT/COUNTER-CLAIMANT FLUOR'S BRIEF IN SUPPORT OF STATEMENT OF FEES INCURRED AS A RESULT OF PLAINTIFF/COUNTER-CLAIM DEFENDANT ZURICH'S SANCTIONABLE CONDUCT** |

I.  **INTRODUCTION**

The Court's February 18, 2021 Order stated:

> The Court invites Fluor to submit its claims for financial damages caused by Zurich's behavior. Fluor shall submit to the Court an itemized list of the attorneys' fees and costs incurred in seeking all discovery denied by Zurich . . . exclud[ing] those previously awarded by the Court on July 26, 2019, pursuant to Fluor's First Motion for Sanctions.

Dkt. 503 ("Order") at 20. Accordingly, Fluor respectfully submits its statement demonstrating the fees and costs incurred seeking discovery after the first sanctions award. *See* Declaration of Brook Roberts ("Roberts Decl."), Ex. 1.

At the outset, Fluor notes that it is difficult to pinpoint the precise attorneys' fees and costs incurred as a result of Zurich's conduct. It is now clear that everything Zurich has done to undermine the litigation process was in furtherance of a wrongful scheme to conceal evidence that began in 2010. Nevertheless, Zurich had several chances to reform that may have mitigated some of the harm caused. For example, had Zurich's primary representative Bradley Rausa and more senior executives not hidden claims-handling evidence on Zurich's secret shared drive, the truth about Zurich's conduct would have been revealed in response to Fluor's original August 2016 document requests. Similarly, had Zurich not wrongfully withheld as "privileged" the smoking gun evidence of its having inadequate reserves and no settlement authority for the November 2010 mediation, Fluor could have focused this case on the right issues back in 2017. Fluor could have foregone the expense of many depositions, and more effectively cross-examined other Zurich deponents with the true evidence of Zurich's conduct. This litigation would have taken a different course and, in all probability, would have been concluded by the October 30, 2018 trial date set by the Court in its second case management order. *See* Dkt. 71.

We will never know the full extent to which Zurich's longstanding plot to hide damaging information from the "prying eyes" of its insureds (Zurich's phrase) has compromised this

1

litigation and prejudiced Fluor's right to a full and fair trial.[1]  No award of attorneys' fees at this point can cure the harm caused.  However, if Zurich had simply abided by this Court's orders, Fluor at a minimum could have avoided the last two years of attorneys' fees and costs spent battling to uncover the evidence Zurich concealed and trying to prepare its case for trial.  The last two years involved multiple discovery battles, reviews of previously withheld documents, re-reviews of document productions and past depositions in light of the new evidence, second depositions of several Zurich deponents, the sanctions briefing, and revised trial preparation plans.  In total, Fluor paid more than $15 million in fees and costs in that period.  These amounts could have been substantially, and perhaps entirely, avoided if Zurich's management had reformed its conduct after the first sanctions order issued.[2]

## II.     DISCUSSION OF FEES AND COSTS SINCE THE FEBRUARY 26, 2019 SANCTIONS ORDER

Below, Fluor briefly summarizes its discovery efforts required since the February 2019 sanctions order.  The detailed time entries will be provided *in camera* to the Court since they would reveal privileged material and strategic work product to Zurich.  If the Court so directs, Fluor will provide to Zurich a copy of its statement redacting the narrative descriptions.

---

[1]   As the Court's Order noted, Zurich's conduct toward Fluor is not an isolated instance of failing to comply with its obligations.  It reflects a purposeful intent to deceive and conceal that can impact any policyholder it insures.  Because Zurich is part of a highly regulated business serving the public interest in this State and elsewhere, the effects of its attack on the integrity of the judicial system extend well beyond Fluor.

[2]   This Court has the inherent authority to "fashion an appropriate sanction for conduct which abuses the judicial process," including an award of Fluor's full attorneys' fees and costs it paid to litigate Zurich's disregard of the Court's orders and its bad faith conduct.  *See Chambers v. NASCO, Inc.*, 501 U.S. 32, 44–45 (1991).  Where a party's abuses are frequent and severe, a Court is warranted in awarding as a sanction the full amount of attorneys' fees incurred by the other side.  *Id.* at 55 (holding that a district court was within its discretion to assess the entirety of respondent's attorneys' fees as a sanction for petitioner's bad faith).

2

### A. February 26, 2019 to the June 10, 2019 Second Sanctions Motion

After the February 26, 2019 order, Fluor worked to ensure Zurich complied with its discovery obligations and this Court's prior orders. Fluor's efforts uncovered even more wrongdoing, leading Fluor to file a second sanctions motion in June 2019. Fluor did all of this while pressing forward to the new February 3, 2020 trial date the Court set in its Fourth Amended Case Management Order, a date which was delayed in large part due to Zurich's repeated failures to provide required discovery. *See* Dkt. No. 201. The specific work Fluor undertook during this period included:

- Reviewed Zurich's documents for compliance with the Court's orders and for trial preparation.

- Detected deficiencies in productions, drafted meet and confer correspondence and held teleconferences regarding Zurich's failure to produce all documents responsive to the Court's orders.

- Contested Zurich's multiple unsuccessful attempts to "claw back" documents the Court ordered produced.

- Drafted meet and confer correspondence and held teleconferences over Fluor's request for an *in camera* review of Zurich's claim summary reports, claim notes, and reserves.

- Drafted meet and confer correspondence and held teleconferences over Zurich's failure to produce reinsurance documents and claim guidelines.

- Drafted meet and confer correspondence and held teleconferences over the use of Bradley Rausa's 2016 deposition transcript.

- Filed a fee submission brief in response to the Court's February 2019 first sanctions order.[3]

- Took four additional depositions of Zurich personnel, including Bradley Rausa and his supervisor, Andrew Marthaler, based on the withheld documents.

- Filed the June 2019 sanctions motion and related papers.

---

[3] Fluor's prior statement of fees incurred after the First Sanctions Order encompassed only fees incurred through the first sanctions hearing date: February 7, 2019.

Fluor estimates it paid fees and costs of $1,596,138.62 for this work. During this period, Fluor also researched, drafted and filed a motion for summary judgment and a motion to dismiss, opposed Zurich's motion for summary judgment, defended two depositions of Fluor personnel, and prepared for trial. All told, Fluor incurred $3,397,256.17 in attorneys' fees and costs during this time.

**B.     June 11, 2019 to August 31, 2019 — After the Second Sanctions Motion**

Fluor filed its second sanctions motion on June 10, 2019. In the months that followed, Fluor pursued Doe Run for the discovery Zurich failed to produce, continued to review Zurich's document productions for compliance with the Court's orders, filed multiple briefs related to the sanctions motions, argued the second sanctions motion, and met and conferred with Zurich regarding the Court's August 2019 sanctions order, all the while preparing for a February 2020 trial.

The specific work Fluor undertook during this period included:

- Filed briefing regarding Zurich's failure to respond to the motion for sanctions on the agreed-upon schedule and held a teleconference with the Court regarding the same.

- Traveled to Missouri for the motion for sanctions hearing.

- Filed supplemental briefing regarding the second sanctions motion per the Court's direction.

- Filed responsive papers to Zurich's request for clarification following the Court's second sanctions order.

- Deposed Bradley Rausa's predecessor, Matthew Porten.

- Met and conferred with Zurich, filed a joint submission to the Court, and held a teleconference with the Court over Zurich's objections to Fluor's 30(b)(6) deposition topics.

Fluor estimates it paid fees and costs of $1,210,892.51 for this work. During this period, Fluor also drafted and filed responsive pleadings to its motion for summary judgment and motion

to dismiss, orally argued its dispositive motions, defended four depositions, and prepared for trial. Collectively, Fluor incurred $2,345,859.74 in attorneys' fees and costs during this time.

### C. September 1, 2019 to November 12, 2019 — Uncovering Zurich's Secret Shared Drive

Zurich produced over 800,000 pages of documents following the Court's August 31, 2019 sanctions order, an amount ten times its entire previous document production. During this review, Fluor uncovered both critical new evidence supporting its bad faith failure to settle claim and further indicia of Zurich concealing and withholding responsive documents. Among the discoveries from this process was the single page buried in unrelated files that ultimately revealed Zurich's secret shared drive.

The specific work Fluor undertook during this period included:

- Reviewed all of Zurich's 800,000 page production, cross-referencing its production against Zurich's over 2,700 privilege log entries and various Zurich declarations to determine whether Zurich complied with the Court's orders.

- Drafted meet and confer correspondence regarding Zurich's inadequate productions in response to the Court's second sanctions order.

- Drafted meet and confer correspondence regarding discovery of the secret shared drive.

- Requested an extension to the trial date through an amended case management order.

- Investigated and evaluated the new evidence obtained from Zurich's tardy productions.

- Met and conferred with Zurich and counsel for Doe Run regarding additional depositions.

Fluor estimates it paid fees and costs of $873,163.35 for this work. During this period, Fluor incurred a total of $1,042,160.39 in attorneys' fees and costs.

### D. November 13, 2019 to February 11, 2020 — Reviewing Shared Drive Documents and Filing Third Sanctions Motion

On November 13, 2019, Zurich produced over 40,000 additional documents from its secret shared drive. Fluor reviewed every document Zurich produced, many of which were from Zurich witnesses Fluor already deposed and which contradicted those witnesses' previous testimony. Over the next few months, Fluor traveled across the country deposing additional Zurich and Doe Run witnesses, reviewed an additional 6,700 pages of documents Zurich belatedly produced in January 2020, and drafted its third motion for sanctions.

The specific work Fluor undertook during this period included:

- Completed review of Zurich's 800,000-page August 2019 production, cross-referencing its production against Zurich's 2,700 privilege log entries and substantive declarations.

- Reviewed Zurich's 40,000-page November 2019 production and 6,700-page January 2020 production, and met and conferred with Zurich regarding the same.

- Served supplemental document requests on Zurich based on the new documents.

- Met and conferred with Zurich and Doe Run regarding Zurich's subpoena to third parties for documents, and teleconference hearing with the Court regarding the same.

- Deposed nine Zurich and four third-party witnesses throughout the U.S. on the new documents.

- Met with expert witnesses on the impact of newly discovered evidence.

- Prepared for the May 2020 trial date, incorporating the newly discovered evidence into trial plans.

- Filed Fluor's third motion for sanctions.

Fluor estimates it paid fees and costs of $2,129,422.80 for this work. During this period, Fluor incurred a total of $2,945,066.41 in attorneys' fees and costs.

6

### E. February 12, 2020 to December 9, 2020 — The Third Sanctions Motion and Delayed Trial Preparation

After filing its third motion for sanctions on February 11, 2020, Fluor filed its reply to Zurich's opposition and pressed forward toward the May trial date, until the trial was taken off calendar due to the COVID-19 pandemic.  Fluor continued to prepare for trial during this time, incurring substantial fees and costs long after trial should have commenced had Zurich abided by its discovery obligations from the outset of the litigation.

The specific work Fluor undertook during this period included:

- Drafted and filed the reply in support of the third sanctions motion.

- Researched impact of trial delays.

- Prepared for and argued the third sanctions motion.

Fluor estimates it paid fees and costs of $1,300,404.04 for this work.  During this period, Fluor also drafted and filed briefs, statements of fact and declarations related to three motions for summary judgment (which included substantial amounts of work concerning the analysis and use of evidence uncovered as a result of Zurich's sanctionable conduct), drafted and filed briefs concerning challenges to four experts, analyzed the Court's summary judgment order, met and conferred with Zurich regarding the effects of the summary judgment order on various outstanding disputes, prepared for and argued the expert motions, and prepared for trial.  All told, Fluor incurred a total of $5,680,728.94 in attorneys' fees and costs during this period.

*          *          *

From the February 2019 sanctions order through the December 9, 2020 hearing, Fluor expended $15,411,071.65 in fees and costs.  *See* Roberts Decl. ¶¶ 6-9 & Ex. 1.  That amount reflects over 18,900 hours of attorney, expert, and paralegal time.  Roberts Decl. ¶ 9.  Each time entry in Fluor's Statement of Fees reflects detailed time records identifying the individual, the date, and the description of work performed by the attorney, paralegal, or legal support staff

7

member.  In addition, Fluor sets forth the costs incurred during this time period, including the amounts paid to Fluor's experts.  *See* Roberts Decl. ¶¶ 8-9 & Ex. 1.  For the amounts billed by timekeepers working on the specific tasks set forth in bullet points in each section above, Fluor incurred a total of $7,110,021.32.  *See* Roberts Decl. ¶¶ 10-11 & Ex. 2.

### III. CONCLUSION

Although the amount incurred is substantial, Zurich should be ordered to fully reimburse the fees that Fluor would not have incurred but for Zurich's willful disregard of the judicial process and this Court's orders, along with such other relief as the Court deems just and proper.

DATED:   March 19, 2021

Respectfully Submitted,

 */s/ John T. Ryan*
John T. Ryan # 211899CA
Brook B. Roberts # 214794CA
John M. Wilson # 229484CA
LATHAM & WATKINS LLP
12670 High Bluff Drive
San Diego, CA 92130
858.523.5400 telephone
858.523.5450 fax
*jake.ryan@lw.com*
*brook.roberts@lw.com*
*john.wilson@lw.com*

Steven M. Bauer # 135067CA
LATHAM & WATKINS LLP
505 Montgomery Street
Suite 2000
San Francisco, CA 94111-6538
415.391.0600 telephone
415.395.8095 fax
*steven.bauer@lw.com*

ATTORNEYS FOR DEFENDANT/CROSS-CLAIMANT FLUOR CORPORATION

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on March 19, 2021, the foregoing was served on all counsel of record by ECF and electronic mail.

DATED: March 19, 2021

*/s/ John T. Ryan*
John T. Ryan # 211899CA
Attorney for Defendant Fluor Corporation
Latham & Watkins, LLP
12670 High Bluff Drive
San Diego, CA 92130
Tel:  858.523.5400