UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ZURICH AMERICAN INSURANCE COMPANY, | ) ) ) |
| Plaintiff, | ) ) ) |
| v. | ) ) No. 4:16CV00429 ERW |
| FLUOR CORPORATION, et al., | ) ) ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court on Defendant Fluor Corporation's Statement of Fees Incurred as a Result of Zurich's Sanctionable Conduct [506].

**I.      FACTUAL AND PROCEDURAL HISTORY**

On February 19, 2020, Defendant Fluor filed a third Motion for Sanctions against Plaintiff Zurich American Insurance Company ("Zurich") claiming Zurich failed to comply with the Court's Discovery Orders and Fluor had been irreparably prejudiced by Zurich's discovery abuses. Fluor asked the Court to impose terminating sanctions on Zurich pursuant to Rule 37 of the Federal Rules of Civil Procedure. On February 18, 2021, this Court issued its Memorandum and Order finding Zurich had willfully violated the Court's Orders. Although the Court declined to issue terminating sanctions, it ordered Zurich to pay Fluor's "attorneys' fees and costs . . . for its efforts to obtain the discovery at issue in its Second and Third Motions for Sanctions." ECF No. 503 at 20[1]. Pursuant to this Order, on March 19, 2021, Fluor submitted a Statement of Fees

---

[1] The Court instructed Fluor to exclude from its calculation the $243,775.00 in fees awarded to Fluor by the Court on July 29, 2019, pursuant to Fluor's first motion for sanctions.

1

Incurred as a Result of Zurich's Sanctionable Conduct and the Declaration of Brook Roberts in support of its Statement.

In its Statement of Fees, Fluor proposes two different calculations of fees and costs to the Court.  First, Fluor seeks a comprehensive award of all attorneys' fees and costs incurred between the Court's February 26, 2019 first sanctions order and the December 9, 2020 hearing on Fluor's third motion for sanctions.  During this period, Fluor states it incurred $15,411,071.65 in fees and costs for "18,900 hours of attorney, expert, and paralegal time." ECF No. 506 at ¶¶ 4, 9.  In support of its calculation, Fluor attaches Exhibit 1 for the Court's *in camera* review.  Exhibit 1 contains a list of attorneys' fees paid by Fluor – each entry reflects detailed time records by individual and date and offers a description of the work performed. Exhibit 1 also contains a separate listing of costs incurred in the same period.  Regarding its listing of attorneys' fees, Fluor states it negotiated a blended, unitary hourly rate to apply to all attorneys working on the matter.  The blended rate was $840.00 per hour in 2019, and $930.00 per hour in 2020.  Fluor argues had Zurich complied with the Court's orders, the last two years of litigation could have been avoided.  Therefore, Fluor urges the Court to award Fluor its full fees and costs incurred between February 26, 2019 and December 9, 2020, as set forth in Exhibit 1.

As noted above, Fluor also offers the Court a second calculation of attorneys' fees and costs.  For this calculation, Fluor divides the same time span (February 26, 2019 through December 9, 2020) into five distinct periods and sets forth specific categories of work undertaken by Fluor in these time periods linked to Zurich's sanctionable conduct.  Fluor asserts the fees and costs for these specific categories of work total $7,110,021.32 and provides Exhibit 2 in support of its calculation for the Court's *in camera* review.  Like Exhibit 1, Exhibit 2 sets

2

forth detailed entries by individual and date and describes the work performed.  Exhibit 2 also separately lists attorney's fees (based upon Fluor's unitary rates) and costs.

In response to Fluor's Statement of Fees, Zurich asserts Fluor's hourly rates are unreasonable as they greatly exceed the market rate in St. Louis.  Zurich also disputes Fluor's suggestion the Court should award Fluor its full fees and costs between February 26, 2019 and December 9, 2020 (contained in Exhibit 1).   Zurich contends Fluor must establish a causal link between the sanctionable conduct and the costs and fees it requests.  Zurich argues Fluor cannot meet this burden as it has improperly included fees for work performed in the ordinary course of the case, such as expert fees, the briefing of all motions filed by Fluor in the case, and the taking of numerous depositions.  Regarding Zurich's more narrow calculation of fees and costs in Exhibit 2, Zurich challenges certain categories of work set forth by Fluor in its memorandum, arguing the fees and work are unrelated to the sanctionable conduct.

## II.     LEGAL STANDARD

"Rule 37, interpreted consistent with its purposes, authorizes an award encompassing 'all expenses, whenever incurred, that would not have been sustained had the opponent conducted itself properly.'" *Comiskey v. JFTJ Corp.*, 989 F.2d 1007, 1012 (8th Cir. 1993) (quoting *In re Stauffer Seeds, Inc.*, 817 F.2d 47, 50 (8th Cir. 1987). "Rule 37 sanctions must be applied diligently both 'to penalize those whose conduct may be deemed to warrant such a sanction, [and] to deter those who might be tempted to such conduct in the absence of such a deterrent.'" *Id.* (quoting *Roadway Express, Inc. v. Piper*, 447 U.S. 752, 763–64, 100 S.Ct. 2455, 2462–63, 65 L.Ed.2d 488 (1980)).  Rule 37 provides a district court may order a party that has failed to comply with a court order "to pay the reasonable expenses, including attorney's fees, *caused by* the failure." Fed. R. Civ. P. 37 (b)(2)(C) (emphasis added). *See also Goodyear Tire & Rubber*

*Co. v. Haeger*, 137 S. Ct. 1178, 1186 n. 5, 197 L. Ed. 2d 585 (2017).  As the sanctioning court is instructed to award legal fees related to the misconduct at issue, its fundamental job is to determine whether a given legal fee would or would not have been incurred in the absence of the sanctioned conduct.  *Id.* at 1186-87.  Nevertheless, the Court is not required to achieve auditing perfection, and may use estimates in calculating and allocating an attorney's time.  *Id.* at 1187.

Moreover, with respect to awarding legal fees, a party submitting a fee request has the burden to establish the reasonableness of the hours expended and the hourly rates upon which the fee request is made.  *Hensley v. Eckherhart*, 461 U.S. 424, 437 (1983).  A reasonable hourly rate is usually the ordinary rate for similar work in the community where the case has been litigated. *Emery v. Hunt*, 272 F.3d 1042, 1048 (8th Cir. 2001) (citing *Avalon Cinema Corp. v. Thompson*, 689 F.2d 137, 140 (8th Cir. 1982) (en banc)).

### III. DISCUSSION

Here, Fluor offers the Court two separate compilations of fees and costs in its Statement of Fees.  The Court will address both options. First, Fluor seeks a more comprehensive award of $15,411,071.65 in fees and costs from Zurich.  This amount includes *all* attorneys' fees incurred by Fluor between February 26, 2019, and December 9, 2020, utilizing Fluor's blended rates of $840.00 per hour in 2019, and $930.00 per hour in 2020.  In support of its request for *all* fees incurred, Zurich argues the last two years of litigation could have been avoided had Zurich timely complied with the Court's orders.

The Court declines Fluor's invitation to impose a blanket award of all legal fees incurred over this approximately 21-month period.  Such an award would be excessively punitive as many of the fees included would have been incurred in the ordinary course of this litigation regardless of Zurich's sanctionable conduct.  Consistent with emphasizing a causal nexus, the Court, in its

Memorandum and Order dated February 18, 2021, stated the appropriate sanction for Zurich's violations of the Court's discovery orders was an award of attorneys' fees and costs for Fluor's "efforts to obtain the discovery at issue in its Second and Third Motions for Sanctions." ECF No. 503 at 20.  Fluor's request for all attorneys' fees incurred is inconsistent with the Court's directive. While Zurich's late productions certainly delayed litigation and precipitated significant expense and effort by Fluor, the Court cannot conclude all fees and costs incurred between February 26, 2019 and December 9, 2020 resulted from Zurich's misconduct.  Many of the fees incurred relate to work that would have taken place in the absence of any sanctionable conduct. For example, by its own admission, during this period, Fluor incurred fees to: research, draft and argue dispositive motions, research and draft responsive pleadings to Zurich's dispositive motions, depose numerous witnesses, defend depositions, pay its expert witnesses, challenge Zurich's expert testimony, and prepare for trial.

      The Court will therefore turn to Fluor's other proffered request for $7,110,021.32 in fees and costs incurred during the same period—February 26, 2019, through December 9, 2020.  In its memorandum in support of its Statement of Fees, Fluor divides this time span into five periods[2] and lists specific work performed during each period relating to Zurich's discovery violations.  Fluor also submits Exhibit 2 for *in camera* review in support of its $7,110,021.32 calculation.  Exhibit 2 contains a detailed accounting of 1) $7,097,736.32 in attorneys' fees (by individual, date and description of the work performed), and 2) $161,218.62 in costs.

---

[2] The time periods are as follows:  February 26, 2019 (Court's first sanctions order) - June 10, 2019 (Fluor's second sanctions Motion); June 11, 2019 - August 31, 2019 (Court's second sanctions order); September 1, 2019 - November 12, 2019 (Fluor's discovery of the shared drive); November 13, 2019 - February 11, 2020 (Fluor's filing of its third motion for sanctions); February 12, 2020 - December 9, 2020 (zoom hearing on Fluor's third motion for sanctions).

As an initial matter, the Court will address the reasonableness of the hourly rates upon which Fluor's fee request is based. According to Fluor, the attorneys' fees listed in Exhibit 2 were calculated based upon unitary rates of $840.00 and $930.00 per hour. The Court does not find these hourly rates reasonable for the St. Louis, Missouri market. As noted in its July 26, 2019 Memorandum and Order addressing Fluor's first motion for sanctions, $350 per hour constitutes a reasonable rate for insurance litigation in the local St. Louis, Missouri market. The local rate of $350 is approximately 40 percent of the higher rates utilized by Fluor in Exhibit 2. To adjust for the hourly rate disparity, the Court will reduce Fluor's total attorneys' fees in Schedule 2 of $7,097,736.32 by 60 percent—to $2,839,094.53. Combining the $2,839,094.53 in attorneys' fees with Fluor's separately itemized costs in Exhibit 2 of $161,218.62, the remaining balance before the Court is $3,000,313.15.

To determine the reasonableness of this balance, the Court has conducted a thorough review of the information contained in Exhibit 2 to determine whether the fees and costs listed properly relate to Zurich's sanctionable conduct or were incurred in the ordinary course of litigation. As set forth in detail in its February 18, 2021 Memorandum, the Court found Zurich willfully violated the Court's orders as it repeatedly failed to produce documents responsive to Fluor's requests for production. Therefore, Fluor's fees and costs associated with its extensive efforts to procure discovery, including the researching, drafting, filing and arguing of its three motions for sanctions, are appropriately included in any Rule 37 sanction imposed as they have a direct nexus to Zurich's willful misconduct. Similarly, if Zurich's late production of the discovery necessitated the re-taking of a deposition, or the amending of an expert's witnesses report, the fees and costs incurred would directly relate to Zurich's sanctionable conduct. In

6

contrast, where fees and costs would have been incurred in the absence of Zurich's discovery violations, they should be excluded from any sanction imposed.

Bearing the above in mind, the Court extensively examined the descriptions of the work performed in Exhibit 2. The Court notes Fluor properly included fees and costs incurred in obtaining and reviewing discovery from Zurich and seeking sanctions. However, the Court also reviewed numerous entries on Schedule 2 for work performed that would have taken place in the standard course of litigation regardless of Zurich's sanctionable conduct. For example, the Court reviewed repeated entries for work related to the 2019 and 2020 dispositive motions filed by Fluor and Zurich. There were dozens of entries for fees relating to the research, drafting, reviewing, and arguing of these motions. Fluor also included fees related to its production of discovery to Zurich-work that would have been required in any litigation scenario. The Court also discovered frequent entries for attorneys' fees related to expert witnesses, mediation, and trial preparation. As indicated above, the Court cannot agree these costs are attributable in their entirety to Zurich's late production of documents.

In addition, the Court reviewed abundant entries listing attorney's fees and costs to prepare for, take and defend depositions. In its Memorandum, Fluor supports including these fees and costs by stating, due to Zurich's late productions, Fluor had to take additional depositions and depose individuals regarding the "new documents." However, it is clear to the Court the numerous deposition-related fees listed in Exhibit 2 go well beyond Fluor's proffered causal link to Zurich's sanctionable conduct. Many of the depositions appear to be the first depositions Fluor took of witnesses, many of whom had been named in 2016 in both Fluor and Zurich's Rule 26 disclosures (prior to Zurich's discovery violations). Moreover, even if a portion of the depositions did involve some questioning related to Zurich's late productions, the

7

Court finds it reasonable to conclude substantial portions did not.  Therefore, the Court will not impose the entirety of these significant deposition fees and costs as a sanction.

The Court, based upon its detailed *in camera* review of the fees and costs submitted by Fluor, finds a further reduction of fifty (50) percent of the remaining $3,000,313.15 balance is warranted. *See Goodyear*, 137 S. Ct. at 1187 (finding a district court may take into account its overall sense of a suit and may use estimates in calculating and allocating an attorney's time). Therefore, Zurich is ordered to pay, within 20 days of the date of this order, $1,500,156.57 to Fluor.

So Ordered this 19th day of April, 2021.

                                                                         **E. RICHARD WEBBER**
                                                                         **SENIOR UNITED STATES DISTRICT JUDGE**