**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

FLUOR CORPORATION,                        )
                                          )
                                          )
    Plaintiff/Counterclaim Defendant      )
                                          )
          v.                              )          No. 4:16CV00429 ERW
                                          )
ZURICH AMERICAN INSURANCE                 )
COMPANY,                                  )
                                          )
    Defendant/Counterclaim Plaintiff.     )

**MEMORANDUM AND ORDER**

This matter comes before the Court on Plaintiff Fluor Corporation's Request for

Guidance on the Court's May 26, 2021 Order [526] and Defendant Zurich American Insurance

Company's Response to Fluor's Request for Guidance [554].

In the Court's May 26, 2021 Memorandum and Order compelling discovery, the Court

ordered Fluor to immediately produce John Wilson's contemporaneous e-mail communications

with Fluor to Zurich (corresponding to Fluor's Privilege Log Entries 1711, 1717, and 1718).  The

Court noted in its Order it had previously reviewed *in camera* all the e-mail communications

requested by Zurich, except 1717.  The Court further found Fluor had not waived privilege with

regard to Mr. Wilson's policy analyses sought by Zurich as their disclosure went beyond what

was necessary to challenge the sufficiency of Mr. Wilson's averments.

In response to the Court's Memorandum and Order, Fluor sought the Court's guidance

regarding document 1717 and provided it for *in camera* review to the Court.  The document is an

email chain between John Wilson and Ron Stuff, in-house counsel at Fluor. The email chain

discusses Mr. Wilson's policy analysis, which the Court deemed not subject to waiver in its

1

Order.  Accordingly, pursuant to its *in camera* review, the Court finds no waiver of privilege with regard to document 1717.  Fluor need not produce 1717 to Zurich as previously ordered.

In Zurich's response to Fluor's request for guidance, Zurich stated it believed there were additional documents subject to the Court's Order compelling production (specifically Privilege Log Nos. 652, 654, 655, 656, 657, 659, 692, and 1723) and asks that the Court examine them. The Court previously conducted an *in camera* review of all the requested documents. Documents 652, 657, and 659 were deemed not privileged by the Court and ordered produced to Zurich.  Document 692 was deemed privileged and documents 654, 655, 656, and 1723 contained redactions ruled by the Court to be privileged.  The Court has reviewed the privileged document (692) and the redacted portions of the other documents (654, 655, 656, and 1723) requested by Zurich.  The Court does not find document 692 or the redacted portions of documents 654, 655, 656, and 1723 to be subject to a waiver of privilege.  The contents of the emails contained therein do not relate to the subject matter of Mr. Wilson's declaration.

Finally, in its May 26, 2021 Memorandum and Order, the Court ordered Fluor to immediately produce John Wilson's scanned handwritten notes to Zurich and to provide the remainder of John Wilson's handwritten Notepad to the Court for *in camera* review.  Fluor has not yet submitted the documents ordered produced for *in camera* review to the Court.

**IT IS HEREBY ORDERED** that Fluor produce the remainder of John Wilson's handwritten Notepad to the Court for *in camera* review by June 7, 2021.

Dated this 4th Day of June 2021.

E. RICHARD WEBBER
SENIOR UNITED STATES DISTRICT JUDGE

2