**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| FLUOR CORPORATION, | ) | |
| | ) | |
| | ) | |
| Plaintiff/Counterclaim Defendant, | ) | |
| | ) | |
| v. | ) | No. 4:16CV00429 ERW |
| | ) | |
| ZURICH AMERICAN INSURANCE | ) | |
| COMPANY, | ) | |
| | ) | |
| Defendant/Counterclaim Plaintiff. | ) | |

## MEMORANDUM AND ORDER

This matter comes before the Court on Non-Party The Doe Run Resources Corporation's Motion to Intervene for Limited Purpose [527].

Doe Run requests it be permitted to intervene in this matter under Federal Rule of Civil Procedure 24 so that Doe Run has the opportunity to limit disclosure at trial of its confidential and privileged information. Specifically, Doe Run asks it be permitted to receive and review the parties' witness and exhibit lists with the parties identifying documents on those lists that they believe contain Doe Run's confidential or privileged information. Doe Run further requests it be permitted to attend and speak at any pre-trial conferences that may address presentation of evidence at trial. Finally, Doe Run asks to propose appropriate modifications to the existing Protective Order.

Fed. R. Civ. P. 24 governs a party's right to intervene in an action and provides for both intervention as of right or permissive intervention. Section (a) of Rule 24 governs intervention as a matter of right. Rule 24(a) provides:

> [u]pon timely application anyone shall be permitted to intervene in an action ... when the applicant claims an interest relating to the property or transaction which is the subject of

the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties.

Fed. R. Civ. P. 24(a).  Section (b) of Rule 24 governs permissive intervention. Rule 24(b) provides:

[u]pon timely application anyone may be permitted to intervene in an action ... when an applicant's claim or defense and the main action have a question of law or fact in common.... In exercising its discretion the court shall consider whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties.

Fed. R. Civ. P. 24(b).

Doe Run argues it is entitled to intervene in this action as both a matter of right and permissively. However, whether intervention be claimed of right or as permissive, it is apparent, from the initial words of both Rule 24(a) and Rule 24(b), that the application must be "timely." If it is untimely, intervention must be denied. *Nat'l Ass'n for Advancement of Colored People v. New York*, 413 U.S. 345, 365, 93 S. Ct. 2591, 2602–03, 37 L. Ed. 2d 648 (1973).  The issue of the timeliness of a motion to intervene is a threshold issue. *Id.*

Timeliness is to be determined from all the circumstances.  *United States v. Ritchie Special Credit Invs., Ltd.*, 620 F.3d 824, 832 (8th Cir. 2010). To determine whether a motion to intervene is timely, we have instructed district courts to consider "(1) the extent the litigation has progressed at the time of the motion to intervene; (2) the prospective intervenor's knowledge of the litigation; (3) the reason for the delay in seeking intervention; and (4) whether the delay in seeking intervention may prejudice the existing parties." *In re Uponor, Inc., F1807 Plumbing Fittings Prod. Liab. Litig.*, 716 F.3d 1057, 1065 (8th Cir. 2013).

The Court will first consider the extent to which this litigation progressed at the time of the filing of the motion to intervene.  The litigation commenced in March 2016.  Doe Run's Motion to Intervene was filed on May 27, 2021, over five years after the filing of this lawsuit and

only 2 months prior to the commencement of trial.  As the Court considers this Motion, the parties are in the process of preparing to argue their motions *in limine* and preparing for trial.

With regard to the second factor, the prospective intervenor's knowledge of the litigation, the Court finds Doe Run has long been aware of this litigation and its subject matter.  Doe Run specifically knew of Zurich's need for confidential documents and testimony from Doe Run well in advance of its request to intervene.  On July 11, 2019, Zurich served subpoenas on Doe Run and its defense and coverage counsel for depositions and documents.  Doe Run responded with certain objections, and Zurich filed a motion to compel.  In response to Zurich's motion to compel, although Doe Run disputed the production of deposition transcripts subject to a protective order in an underlying action between Fluor and Doe Run in Jefferson County, Mo., Doe Run stated to the Court all other objections had been resolved and Doe Run had waived any settlement or mediation privilege with respect to this action.  *See* ECF No. 335 at 9.  Third-party depositions of Doe Run and its defense and coverage counsel were conducted in January of 2020, approximately 16 months before Doe Run filed its motion to intervene seeking protection of confidential and privileged information.  In September of 2020, Doe Run sought to seal the Court's September 21, 2020 Order to protect Doe Run's confidential settlement information. The Court granted the motion.  However, eight months elapsed before Doe Run sought to intervene.

In considering the third factor, Doe Run asserts its motion is timely as it was filed promptly upon learning of the trial date and upon receiving the trial subpoena of Mr. Dowd. However, the Court set the trial date for this action in December 2020, six months before Doe Run sought to intervene. Further, the Court concludes the filing was not prompt but delayed as Doe Run had knowledge of this litigation and the potential need to protect privileged and

confidential information years before filing its motion to intervene. Doe Run was on notice of the likelihood of Zurich calling Doe Run witnesses, including Mr. Dowd, at trial after their depositions were sought and taken at the beginning of 2020. Over the course of the past five years of litigation, Doe Run has had abundant opportunities to seek intervention, but waited till the eve of trial. The Court finds Doe Run has failed to justify its delay in light of its knowledge of this case.

Moreover, the fourth factor in assessing the timeliness of intervention, asks the Court to consider the whether the delay in seeking intervention may prejudice the existing parties. The Court finds granting Doe Run's motion to intervene would be extremely prejudicial to the parties' interests and could delay the proceedings. The parties are on the eve of trial in this extremely complex case and immersed in preparation. Zurich has already likely been prejudiced as it was forced to respond to Doe Run's arguments during while drafting its responses to Fluor's motions *in limine*.[1] Thus, the Court concludes Doe Run's motion is untimely pursuant to Rule 24 (a) and (b).

Accordingly,

**IT IS HEREBY ORDERED** that Doe Run's Motion to Intervene for Limited Purpose [527] is **DENIED**.

Dated this 7th Day of June 2021.

_E. Richard Webber_

_____
E. RICHARD WEBBER
SENIOR UNITED STATES DISTRICT JUDGE

---

[1] The Court does recognize Doe Run's desire to protect its confidential and privileged information, particularly its 2010 settlement of the Bronson/Smoger lawsuits. Doe Run is not without alternatives, as it may seek to seal or redact parts of the record.