## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | | |
|---|---|---|
| FLUOR CORPORATION, | ) | |
| | ) | |
| | ) | |
| Plaintiff/Counterclaim Defendant, | ) | |
| | ) | |
| v. | ) | No. 4:16CV00429 ERW |
| | ) | |
| ZURICH AMERICAN INSURANCE | ) | |
| COMPANY, | ) | |
| | ) | |
| Defendant/Counterclaim Plaintiff. | ) | |

## MEMORANDUM AND ORDER

This matter comes before the Court on Zurich's Rule 16 Motion requesting a

determination of the policy limits at issuance in this case [545].

Zurich argues that under Federal Rule of Civil Procedure 16(c)(2)(a), the Court has the

authority to enter an order "formulating and simplifying the issues" for trial.  Zurich also argues

the Court has the authority to rule on issues of law raised by motions *in limine*.  Zurich asks the

Court to use that authority to determine as a matter of law what the policy limits were at issuance

for the Zurich Policies prior to the presentation of evidence to the jury. Zurich contends this

determination must be made as a matter of law by the Court in order for the jury to decide the

third element of bad faith failure to settle—whether Zurich was guilty of bad faith in refusing to

settle a claim within the policy limits.  Zurich also contends that Fluor has the burden of

establishing policy limits in asserting a bad faith failure to settle claim.

In response, Fluor argues Zurich's motion should be denied. Fluor contends the jury's

determination of whether Zurich "refus[ed] to settle a claim within the limits of the policy"

should be based not on the Court's determination of policy limits, but on what Zurich

1

contemporaneously knew and reasonably assessed the limits to be. Fluor asserts Zurich cannot

repudiate its own analysis in 2010 and retroactively reduce the policy limits to insulate its

conduct.   Fluor further argues the relief sought by Zurich is procedurally improper.  Fluor

contends Zurich's request operates as an untimely motion for summary adjudication and the

requested relief under Rule 16 improperly requires resolving factual issues to reach a legal

conclusion.

As a threshold matter, this court must first consider the propriety of Zurich's bringing this

motion pursuant to Rule 16 of the Federal Rules of Civil Procedure or as a motion *in limine*. As

is clear from a reading of the rule, Rule 16 is directed to and governs pretrial procedures. One of

the purposes of Rule 16 pretrial procedures is to facilitate trial by formulating and simplifying

the triable issues. The vehicles for achieving that purpose are the pretrial conference and the

pretrial order. Through a pretrial conference or pretrial order, a federal district court can decide

issues of law. *See, e.g., In re Airport Car Rental Antitrust Litigation*, 474 F.Supp. 1072, 1108–09

(N.D.Cal.1979).

The court, however, cannot decide contested issues of fact more properly the subject of a

motion for summary judgment. *Pifcho v. Brewer*, 77 F.R.D. 356, 357 (M.D.Pa.1977). *See In re*

*Intel Corp. Microprocessor Antitrust Litig.*, 2009 WL 1885666 at *2 (D. Del. June 25, 2009)

(denying Rule 16(c) motion to resolve key issues of law because it implicated factual questions,

and thereby were more properly resolved through summary judgment). Similarly, where a

motion *in limine* constitutes a motion for partial summary judgment, the Court may refuse to

address it as untimely. *See Monsanto Co. v. Bayer Bioscience N.V.*, No. 4:00CV01915 ERW,

2005 WL 5989796, at *11 (E.D. Mo. Oct. 28, 2005).

"The interpretation of an insurance policy is a question of law." *United Fire & Cas. Co. v. Titan Contractors Serv., Inc.*, 751 F.3d 880, 883 (8th Cir. 2014). "Matters of law are for the trial judge." *S. Pine Helicopters, Inc. v. Phoenix Aviation Managers, Inc.*, 320 F.3d 838, 841 (8th Cir. 2003). In its motion, Zurich asks the Court to resolve certain fact issues and apply those facts to declare the amount of indemnity limits available under the Zurich policies. Zurich argues the Court should find the Bronson/Smoger plaintiffs' claims constitute one occurrence under each policy by examining the allegations in plaintiffs' complaints in conjunction with the findings of the trial court, as affirmed in *Blanks v. Fluor Corp.*, 450 S.W.3d 308  (Mo. Ct. App. 2014).[1] The Court cannot properly resolve facts and interpret the applicable policy limits in accordance with Missouri law based on the record before it. Thus, the Court finds neither a Rule 16 motion, nor a motion *in limine,* is the appropriate vehicle to establish the policy limits in this case as a resolution of facts is required.

The Court notes that although a determination of policy limits is necessary to prove causes of action asserted by both Zurich and Fluor,[2] neither party timely sought adjudication

---

[1] In arguing the Bronson/Smoger claims constitute one occurrence, Zurich asks the Court to rely on the trial court's fact findings (as summarized on appeal in *Blanks*).  In seeking summary judgment in 2019, Zurich previously requested the Court take judicial notice of the *Blanks* opinion.  However, the Court did not find it necessary to rely on *Blank*s in ruling on Zurich's motion, so the Court denied Zurich's request as moot. Although neither Zurich nor Fluor argues judicial notice is implicated with regard to the instant Rule 16 motion, the Court finds it would be required to take judicial notice of the *Blanks* facts in order to consider them in determining policy limits. Judicial notice of another court's opinion takes notice of the existence of the opinion, which is not subject to reasonable dispute over its authenticity, but not of the facts summarized in the opinion. *McIvor v. Credit Control Servs., Inc.*, 773 F.3d 909, 914 (8th Cir. 2014). However, under Federal Rule of Evidence 201, a court may take judicial notice of an adjudicative fact as long as such a fact "is not subject to reasonable dispute...." Fed. R. Ev. 201(b).  The current record before the Court does not permit it to conclude the facts cited in *Blanks* are not subject to reasonable dispute.

[2] Fluor is required to prove policy limits to establish the third element of its bad faith failure to settle claim against Zurich.  Likewise, although the focus of Zurich's Rule 16 Motion is Fluor's

under Rule 56.  Motions for summary judgment in this case were filed in 2019 and 2020 in accordance with the five case management orders.  Both parties had ample opportunities to seek a determination as to the applicable policy limits in this case.

In Fluor's response to Zurich's Rule 16 motion, Fluor argues the motion should be denied and the jury's determination of whether Zurich "refus[ed] to settle a claim within the limits of the policy" should be based on Zurich's contemporaneous assessment of the policy limits. The Court disagrees. Fluor cites to no authority that an insurer's contemporaneous assessment of policy limits, not a Court's determination of the limits as a matter of law, should establish the stated requirement of the third element of bad faith failure to settle.  Under Fluor's proposition, an insurer's rejection of a demand to settle based upon the insurer's contemporaneous and erroneously low assessment of a policy's limits could insulate it from bad faith -- even where the insured obtains a court determination the policy limits were higher than the demand.  Although the state of mind of the insurer is highly relevant to a determination of bad faith, it does not change the requirement set forth by the Missouri Supreme Court in *Scottsdale Insurance Co. v. Addison Insurance Co.*,448 S.W.3d 818 (Mo. 2014), that the insurer refuse to settle within the policy limits.

Accordingly, the Court rejects Fluor's proposition that the jury may determine policy limits based on evidence of Zurich's contemporaneous assessment and concludes the Court must determine the policy limits as a matter of law for the case to properly proceed to trial.  The Court will therefore order this matter addressed through an expedited briefing schedule.  As a

---

bad faith failure to settle claim, Zurich fourth cause of action requires a determination of the Policies' limits as it seeks a declaration the policy limits were exhausted by its payment to Doe Run in 2012. Zurich has subsequently narrowed the scope of the declaration in its fourth cause of action to the *Howze* and *Lingo* cases.

determination of policy limits is essential to facilitate the disposition of Fluor's bad faith failure to settle claim at trial, the Court orders Fluor to file a motion to determine policy limits, including a memorandum in support and a statement of undisputed material facts by Friday, July 16, 2021.  Zurich must file its response in opposition by July 20, 2021. The Court will then make its determination.

**IT IS HEREBY ORDERED** that Zurich's Rule 16 Motion requesting a determination of the policy limits at issuance in this case [545] is **DENIED**.

**IT IS FURTHER ORDERED** that to enable the Court to determine the Policies' limits at issue in this case, the parties will brief the matter as instructed above.

So Ordered this 12th day of July, 2021.

_____
E. RICHARD WEBBER
SENIOR UNITED STATES DISTRICT JUDGE