UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| FLUOR CORPORATION, | ) |
| | ) |
| Plaintiff/Counterclaim Defendant, | ) |
| | ) |
| v. | ) No. 4:16CV00429 ERW |
| | ) |
| ZURICH AMERICAN INSURANCE COMPANY, | ) |
| | ) |
| Defendant/Counterclaim Plaintiff. | ) |

**MEMORANDUM AND ORDER**

This matter comes before the Court on Defendant Zurich American Insurance Company's Motion in Limine (No. 11) to exclude Zurich's attorney' recommendations and legal opinions [537]; and Zurich's Motion in Limine (No. 12) to exclude legal opinions regarding policy limits [538].

**I.   Zurich's Motion in Limine (No. 11) to exclude Zurich's attorneys' recommendations and legal opinions [537].**

Zurich seeks to exclude evidence and argument before the jury regarding recommendations and legal opinions by Zurich's coverage attorney, JoLynn Pollard and Randall Sinnott. Zurich focuses on two attorney-client communications turned over pursuant to the discovery sanction imposed on Zurich. First, Zurich asks to preclude outside coverage counsel JoLynn Pollard's June 30, 2010 Memorandum projecting claim and expense reserves. The Court has previously addressed the admissibility of evidence of Zurich's reserves in ruling on Zurich's motion in limine number 9.  In its ninth motion in limine, Zurich asked the Court to bar Fluor from "referring to, or presenting evidence or argument regarding, the existence or amount of

Zurich's financial reserves and settlement authority.  The Court found there was a genuine dispute as to whether the failure to increase reserves and the lack of settlement authority played a role in Zurich's decision making at the time of the mediation in 2010 and denied Zurich's motion.  Consistent with its prior ruling, the Court finds Ms. Pollard's June 30, 2010 Memorandum relevant and admissible. Zurich's motion on this point is denied.

Zurich also seeks to bar the November 7, 2010 Sinnott and Pollard Memorandum from evidence at trial. In the November 5, 2010 Memorandum, Zurich's coverage counsel Sinnott and Pollard analyzed Doe Run's proposal to facilitate a global settlement of the Bronson-Smoger Lawsuits.  Zurich contends the memorandum does not address Zurich's *legal obligations* as to any settlement duties to its insureds, only whether Doe Run's proposal makes financial sense for Zurich based on certain legal assumptions.  Zurich claims Fluor has consistently mischaracterized the nature of this document, alleging it was legal advice given by Zurich's counsel framing Zurich's legal obligations and that Zurich rejected that legal advice, choosing to not settle in violation of a legal obligation to do so.

The Court will not allow Fluor to argue Zurich had a legal duty to follow outside coverage counsel's advice contained in this Memorandum.  Moreover, the memo contains an opinion as to the policy limits available for each plaintiff based upon an erroneous interpretation of Missouri law that each plaintiff constitutes a separate occurrence.  This analysis conflicts with this Court's interpretation the Bronson/Smoger plaintiffs' injuries arose out of one occurrence and are subject to the per occurrence limit. The Court will exclude evidence and argument regarding the portions of the memorandum that analyze the policy limits.  However, the Court will not exclude other portions of the Memorandum unrelated to policy limits.

## II. Zurich's Motion in Limine (No. 12) to exclude legal opinions regarding policy limits [538].

Zurich seeks to exclude opinion and legal argument before the jury regarding the limits of liability established by the Zurich Policies at issue in this case. Zurich anticipates Fluor may seek to introduce at least three separate attorney opinions regarding what the policy limits were at the time of the November 18, 2010 mediation. Zurich argues this testimony should be excluded under Federal Rules of Evidence 401, 403 and 702. Noting under Missouri law the interpretation of an insurance policy is a question of law for the Court, Zurich contends attorney opinions and legal argument regarding the limits of liability established by the Zurich Policies would be irrelevant and present a high risk of jury confusion.

Zurich specifically objects to the following three attorney opinions.

- The November 7, 2010 Sinnott and Pollard Memorandum discussed above under motion in limine number 11, which analyzed Doe Run's proposal to facilitate a global settlement and stated limits for the 21 potentially covered plaintiffs included in the proposal would be $45 million.

- The November 22, 2010 letter Marc Halpern wrote to Sinnott and Pollard regarding the tentative settlement reached by Doe Run for the Bronson-Smoger Lawsuits at the November 18, 2010 mediation. In this letter, Halpern states his opinion that the policy limits totaled $90.6 million

- At his deposition, witness John Wilson, Fluor's coverage and trial counsel, offered his opinions regarding the limits established by the Zurich Policies

Zurich argues these opinions regarding policy limits are irrelevant as they are a question of law for the Court and would be confusing to the jury as well as prejudicial. The Court agrees.

As the Court has determined the policy limits at issuance in this case, the Court will exclude the above opinions of Sinnott, Pollard, Halpern, and Wilson, and any other witness, regarding the limits established by the Zurich Policies.

Accordingly,

**IT IS HEREBY ORDERED** Zurich's Motion in Limine (No. 11) to exclude Zurich's attorneys' recommendations and legal opinions [537] is **GRANTED, in part, and DENIED, in part.**

**IT IS FURTHER ORDERED** Zurich's Motion in Limine (No. 12) to exclude legal opinions regarding policy limits [538] is **GRANTED.**

Dated this 25th Day of July 2021.

E. RICHARD WEBBER
SENIOR UNITED STATES DISTRICT JUDGE