UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

FLUOR CORPORATION,

        Plaintiff / Counterclaim Defendant

        vs.

ZURICH AMERICAN INSURANCE
COMPANY,

        Defendant / Counterclaim Plaintiff

Case No. 4:16-CV-00429 ERW

AND RELATED COUNTERCLAIMS AND
CROSS-CLAIMS

## ORDER GRANTING SUMMARY JUDGMENT ON FLUOR'S BAD FAITH FAILURE TO SETTLE CLAIM AND ZURICH'S EXHAUSTION CLAIM

AND NOW, after consideration of the parties' Joint Stipulation of Uncontested Facts

(ECF No. 719), the Court enters summary judgment for Defendant Zurich American Insurance

Company ("Zurich") on Plaintiff Fluor Corporation's ("Fluor's") bad faith failure to settle claim

(Second Cause of Action) and Zurich's exhaustion claim (Fourth Cause of Action).

## FINDINGS

1.      This Court has jurisdiction over this matter.

2.      On July 25, 2021, the Court granted in part and denied in part Fluor's Notice of

Motion to Determine Policy Limits (ECF No. 681) and granted summary judgment in Zurich's

favor as to the determination of the policy limits at issuance for Bodily Injury in this case. *See*

ECF No. 715. The Court determined that bodily injury claims are subject to the "occurrence"

limits of the Zurich Policies, rather than "claim" limits. *Id.* The Court determined that the total

1,

bodily injury, per-occurrence limits of the Zurich Policies at issuance were $3,500,000. *Id.* The Court also determined that the total personal injury liability limits at issuance of the Zurich Policies were $3,000,000 in the aggregate. *Id.* The Court further determined that the Bronson-Smoger plaintiffs' injuries arose out of one occurrence under the Zurich Policies. *Id.*

3.      Fluor disagrees with this Court's July 25, 2021 Order determining the applicable policy limits (ECF No. 715). Fluor has reserved its right to appeal any judgment that results from this Court's July 25, 2021 Order (ECF No. 715).

4.      Fluor and Zurich agree that this Court's July 25, 2021 Order (ECF No. 715) is dispositive of two claims in this case: Fluor's bad faith failure to settle claim (ECF No. 42, Second Cause of Action) and Zurich's exhaustion claim (ECF No. 1, Fourth Cause of Action). The undisputed facts in this case show that:

   a.   On or around November 11, 2008, Zurich paid $4,060,000 to resolve the claims of plaintiffs Kevin Cartee (DOB 7/20/82) ($2,600,000) and Christopher Richardson (DOB 3/6/83) ($1,460,000) in the lawsuit captioned *Warden, et al. v. Fluor Corporation, et al.*, Circuit Court, City of St Louis, Missouri (Case No. 022-10635).

   b.   On or around December 2, 2008, Zurich paid $1,295,000 to resolve the claims of fifteen individuals who were plaintiffs in various Bronson-Smoger lawsuits as follows: Stacey Gore (Perry) (DOB 3/28/81) ($25,000), Richard Dawson, Jr. (DOB 4/10/82) ($325,000), Stephen Johnson, Jr. (DOB 9/15/79)($50,000), Christina Dawson (DOB 2/14/84) ($100,000), Andrew Dixon (DOB 8/20/79) ($200,000), Abigail Duncan (DOB 6/22/85) ($50,000), Melanie Reed (DOB 7/16/83) ($25,000), Lisa Naucke (DOB 2/10/82) ($50,000), Tracy Zeller

2

(DOB 8/18/80) ($100,000), Amy McKinstry (DOB 7/23/80) ($35,000), Amanda Wallis (DOB 5/26/81) ($35,000), Jesse Wallis (DOB 3/17/80) ($35,000), Amanda Cartee (DOB 9/2/84) ($200,000), Melissa Dawson (DOB 2/14/84) ($30,000), and Brian Stewart (DOB 11/26/83) ($35,000).

c. On or around December 14, 2009, Zurich paid $4,515,000 to resolve the claims of plaintiffs Marvin Becquette (DOB 8/26/79) and Steven Killian (DOB 12/21/81) in the consolidated lawsuits captioned *Browning, et al. v. Fluor Corporation, et al.*, Circuit Court, City of St Louis, Missouri (Case No. 032-10108) and *Dawson, et al. v. Fluor Corporation, et al.*, Circuit Court, City of St. Louis, Missouri (Case No. 052-9561).

d. Collectively, Zurich paid $9,870,000 to resolve the claims of the above-referenced plaintiffs in the Bronson-Smoger lawsuits.

e. The amount Zurich paid to settle the Bronson-Smoger lawsuits prior to 2010 was sufficient to fully exhaust the policy limits determined by the Court in its July 25, 2021 Order (ECF No. 715).[1]

5. Pursuant to the Court's Order (ECF No. 715) determining the limits available under the Zurich Policies and the undisputed facts set forth above, Fluor cannot establish that Zurich acted in "bad faith in refusing to settle a claim <u>within policy limits</u>" in November and December 2010, because the policy limits had already been exhausted by prior payments. *Scottsdale Ins. Co. v. Addison Ins. Co.*, 448 S.W.3d 818, 827 (Mo. 2014) (emphasis added). Since Fluor cannot, in light of the Court's Order (ECF No. 715), satisfy this element of its bad

---

[1] The parties dispute whether the personal injury limits apply to the Bronson-Smoger lawsuits, but regardless, the amount Zurich paid to settle the Bronson-Smoger lawsuits by 2009 was sufficient to exhaust both bodily injury and personal injury limits.

*3*

faith failure to settle claim, Zurich is entitled to summary judgment on Fluor's second cause of action.

6.      Pursuant to the Court's Order (ECF No. 715) determining the limits available under the Zurich Policies and the undisputed facts set forth above, Zurich has consented to dismiss its fourth cause of action as moot.

## ORDER

**IT IS HEREBY ORDERED** that, based on this Court's July 25, 2021 Order (ECF No. 715) and the parties' stipulated facts, summary judgment is granted to Zurich on Fluor's bad faith failure to settle claim. *See* Dkt. No. 42, Second Cause of Action. Fluor has preserved its right to challenge this judgment on appeal. Zurich's fourth cause of action is dismissed as moot.

**IT IS SO ORDERED** this 27th day of July, 2021.

E. Richard Webber
U.S. District Court Judge

4