**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | |
|---|---|
| FLUOR CORPORATION, ) | |
| ) | |
| ) | |
| Plaintiff/Counterclaim Defendant, ) | |
| ) | |
| v. ) | No. 4:16CV00429 ERW |
| ) | |
| ZURICH AMERICAN INSURANCE ) | |
| COMPANY, ) | |
| ) | |
| Defendant/Counterclaim Plaintiff. ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on Fluor Corporation's Motion to Unseal Court Order [727]. Fluor asks this Court to unseal its Memorandum and Order granting in part and denying in part Fluor's Third Motion for Sanctions [203]. Zurich has filed its Response in Opposition [728] and Fluor has filed a Reply brief in support of its Motion [729].

On February 19, 2020, Fluor filed its third Motion for Sanctions against Zurich [367]. Oral argument on Fluor's Motion was set for December 9, 2020. Prior to this hearing, Zurich asked the Court to limit attendance at the hearing to the parties. The Court denied Zurich's request. Pursuant to the briefing of the motion and the hearing, on February 18, 2021, the Court issued its Memorandum and Order ("Third Sanctions Order) [503] granting Fluor's Motion in part and denying it in part. The order was filed under seal.

On August 27, 2021, Fluor filed the instant motion asking the Court to unseal its Third Sanctions Order. Fluor argues the Order should be unsealed as there is a strong public interest in disclosure and no compelling justification for keeping it sealed. In its Response in Opposition, Zurich opposes Fluor's request, arguing that the interests served by maintaining the

1

confidentiality of the sealed information outweigh the right of public access.  Zurich contends unsealing the order could prejudice Zurich's interest in being heard by an unbiased jury in future proceedings in this Court should the case be remanded for trial by the Eighth Circuit.  Zurich also notes the public already has access to information about the Third Sanctions Order sufficient to satisfy a generalized interest in public access and further disclosure would tip the balance toward prejudicing Zurich.  Zurich notes Fluor's Motion for Sanctions, the transcript of the December 9th motion hearing, and the Court's Order awarding fees to Fluor pursuant to its Third Sanctions Order are publicly available. Zurich also contends the Third Sanctions Order contains confidential information about the Doe Run settlement.

In reply, Fluor argues Zurich has not met its burden to show any considerations outweigh public interest in the sanctions order.  Fluor argues potential prejudice to the jury panel is non-existent as jury selection is not imminent and will not occur unless the case is returned by the Court of Appeals.  Moreover, Fluor notes voir dire could address any potential impact from unsealing the Order. Fluor concedes the Third Sanctions Order contains references to the amount of Doe Run's global settlement but argues redacting the order will address Doe Run's confidentiality concerns.

Generally speaking, there is a common-law right of access to judicial records, but that right is not absolute. *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597–98, 98 S.Ct. 1306, 55 L.Ed.2d 570 (1978); *IDT Corp. v. eBay*, 709 F.3d 1220, 1222 (8th Cir. 2013). This right of access bolsters public confidence in the judicial system by allowing citizens to evaluate the reasonableness and fairness of judicial proceedings and keep a watchful eye on the workings of public agencies.  *IDT*, 709 F.3d at 1222.  "It also provides a measure of accountability to the public at large, which pays for the courts."  *Id.*

2

Whether the common-law presumption can be overcome is determined by balancing "the interests served by the common-law right of access ... against the salutary interests served by maintaining confidentiality of the information sought to be sealed." *Flynt*, 885 F.3d at 511 (citing *IDT*, 709 F.3d at 1223). In order to adjudicate the issue, a court must first decide if the documents in question are "judicial records," and if so, must next consider whether the party seeking to prevent disclosure has overcome the common-law right of access that would otherwise apply to such records. *Id.* (citing *IDT*, 709 F.3d at 1222–23). The presumption of public access to judicial records may be overcome if the party seeking to keep the records under seal provides compelling reasons for doing so. *Id.* (citing *In re Neal*, 461 F.3d 1048, 1053 (8th Cir. 2006)). "'[O]nly the most compelling reasons can justify non-disclosure of judicial records.'" *In re Neal*, 461 F.3d 1048, 1053 (8th Cir. 2006) (quoting *In re Gitto Global Corp.*, 422 F.3d 1, 6 (1st Cir. 2005)).

In balancing the preference for access and the parties' interests, the Court initially notes there is no dispute as to whether the Court's Third Sanctions Order constitutes a judicial record. Therefore, the Court will consider whether Zurich has met its burden to establish compelling reasons overcoming the presumption of public access to the Third Sanctions Order.

The Court does not find the potential prejudice alleged by Zurich outweighs the right of access to the Court's Order.  Although Zurich argues unsealing the Order may potentially prejudice a future jury should the case be remanded by the Court of Appeals and proceed to trial, the Court finds this possibility too distant to outweigh access.  Moreover, the briefing of the underlying motion for sanctions, the transcript of the hearing and the Court's Order awarding fees are publicly available, rendering the impact of unsealing the Third Sanctions Order incremental at best.  Finally, should the case eventually proceed to trial, the opportunity for voir

dire examination will serve to eliminate any jurors who may have been prejudiced by the unsealing of the Third Sanctions Order.

Consequently, the Court does not find compelling reasons to justify continued non-disclosure of the judicial record at issue here.  However, the Court recognizes Doe Run's confidentiality interest in some of the information contained in the Third Sanctions Order and therefore, will order a redacted version of the Order to be filed with the Court.

Accordingly,

**IT IS HEREBY ORDERED** that Fluor's Motion to Unseal Court Order [727] is **GRANTED in part**.  Fluor and Non-Party Doe Run shall jointly file a redacted version of the Court's Third Sanctions Order by November 15, 2021.

Dated this 21st day of October, 2021.

_____
E. RICHARD WEBBER
SENIOR UNITED STATES DISTRICT JUDGE