UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| FLUOR CORPORATION, | ) <br> ) <br> ) |
| Plaintiff/Counterclaim Defendant | ) <br> ) |
| v. | )   No. 4:16CV00429 ERW |
| ZURICH AMERICAN INSURANCE COMPANY, | ) <br> ) <br> ) <br> ) |
| Defendant/Counterclaim Plaintiff. | ) |

**MEMORANDUM AND ORDER**

This matter comes before the Court on Zurich American Insurance Company's Motion for Costs pursuant to Federal Rule of Civil Procedure 54(d) and Local Rule 8.03 [732]. Zurich moves the Court to award costs to Zurich as the prevailing party. Zurich has filed a Bill of Costs in support of its Motion.

**I. BACKGROUND**

On March 29, 2016, Zurich American Insurance Company filed suit in this Court, asserting five separate claims in its Complaint. Zurich's first three Causes of Action sought declaratory judgments stating the Zurich insurance policies at issue in this case did not provide coverage for the defense or indemnity of Fluor Corporation's litigation arising out of events which occurred in Herculaneum, Missouri from 1981 through 1994. Zurich's Fourth Cause of Action sought a declaration the Zurich Policies were exhausted. Zurich's Fifth Cause of Action sought indemnity or contribution from Fluor for defense fees paid by Zurich.

On June 28, 2016, Fluor filed an answer and Counterclaims against Zurich, asserting three Causes of Action: 1) Breach of the Duty to Defend (first cause of action); 2) Bad Faith

1

Failure to Settle and Defend (second cause of action); and 3) Unreasonable Refusal to Pay in violation of Missouri law (third cause of action). In response, Zurich asserted several affirmative defenses, including that various coverage arguments barred any duty by Zurich to defend.

Under the five case management orders in this action, there were several dispositive motion deadlines. Zurich's first three causes of action were dismissed by the Court's Orders on September 30, 2019, and September 21, 2020. The Court also granted Fluor's motion to dismiss Zurich's affirmative defenses that asserted coverage as a defense to Fluor's bad faith failure to defend claim. On September 21, 2020, Fluor's Second Cause of Action for Bad Faith Failure to Defend was dismissed. On July 16, 2021, the Court dismissed Zurich's fifth cause of action pursuant to Fluor's motion under Fed. R. Civ. P. 12(b)(1).

On July 12, 2021, the Court denied Zurich's Rule 16 Motion, seeking a determination of policy limits which the Court found should have been appropriately determined through a motion for summary judgment. In its denial the Court noted although a determination of policy limits as a matter of law was necessary to establish both parties' claims in the action, neither party timely sought adjudication of this issue despite being afforded ample opportunity to do so under the Court's five case management orders. The Court therefore ordered an expedited summary judgment briefing of this matter to enable the Court to determine the policy limits as a matter of law prior to the trial set for July 26, 2021.

On July 25, 2021, Fluor's claim of bad faith failure to settle was resolved in Zurich's favor on July 25, 2021, by way of the Court's ruling on a question of law regarding the limits of the Zurich insurance policies. The Court ruled that at the time of issuance the bodily injury, per-occurrence limits available to Fluor under the Zurich Policies totaled $3,500,000, and the liability limits for personal injury at issuance totaled $3,000,000 in the aggregate. Pursuant to

this ruling, on July 26, 2021, Fluor's counsel conceded the Court "effectively granted summary judgment on the case, or at least prevented Fluor from proving up its bad faith failure to settle claim," and that ruling had "the same effect ... on Zurich's fourth cause of action, which is the cause of action for exhaustion." (*See* Trial Transcript Vol. I-A, ECF No. 722 at 6:12-24.) The parties stipulated to facts establishing the policies were exhausted due to settlements that took place before the events central to Fluor's bad faith failure to settle claims arose, and the Court granted summary judgment in Zurich's favor on Fluor's bad faith failure to settle claim as well as dismissed Zurich's exhaustion claim as moot. ECF No. 723, p. 2.

A month later, on August 27, 2021, the parties stipulated to dismissal with prejudice of Fluor's remaining two counts, with each party to bear their own costs only as it related to those remaining two counts. On September 27, 2021, the Court entered final judgment. Zurich timely filed the instant Motion along with its Bill of Costs within twenty-one (21) days of that entry. Fluor filed a notice of appeal in the Eighth Circuit on October 21, 2021.

## II. DISCUSSION

Zurich argues it is entitled to an award of costs in the amount of $186,913.67, as the prevailing party on Fluor's claim of bad faith failure to settle, and in favor of Zurich on its claim that the operative policies at issue in this case were exhausted. Zurich claims the heart of the dispute in this case has always turned on Fluor's claims of bad faith failure to settle asserted against Zurich, wherein Fluor sought an award of more than $300 million as well as punitive damages. Zurich argues the Court's summary judgment entered in favor of Zurich on Fluor's claims of bad faith failure to settle materially changed the legal relationship between Fluor and Zurich, and therefore, Zurich is entitled to an award of costs as the prevailing party within the meaning of Fed. R. Civ. Proc. 54(d).

3

In its response in opposition, Fluor offers three reasons the Court should deny Zurich's Motion.  First, Fluor contends Zurich should not be allowed to recover its costs when it engaged in conduct that required the Court to sanction it three separate times.  Secondly, Fluor argues Zurich should not be compensated as any costs Zurich incurred were its own fault because it unreasonably delayed bringing its motion to determine policy limits. Thirdly, Fluor claims Zurich prevailed on one narrow issue and allocating costs to Zurich would not account for the numerous issues on which Fluor prevailed in the lawsuit. Fluor further claims a significant portion of the costs Zurich has submitted are not compensable. Fluor requests the Court deny Zurich's motion or in the alternative, stay any ruling until after Fluor's pending appeal in the Eighth Circuit is resolved.

Rule 54(d) of the Federal Rules of Civil Procedure provides "costs—other than attorney's fees—should be allowed to the prevailing party." *See also In re Derailment Cases*, 417 F.3d 840, 844 (8th Cir. 2005) ("A prevailing party is presumptively entitled to recover all of its costs.").  A district court has broad discretion over awarding costs to a prevailing party.  *Blakley v. Schlumberger Technology Corp.*, 648 F.3d 921, 930 (8th Cir. 2011) (citation omitted).  Before any bill of costs is taxed, the party claiming any item of cost or disbursement must attach an affidavit, having knowledge of the facts, that such item is correct and has been necessarily incurred in the case and that services for which fees have been charged were actually and necessarily preformed.  28 U.S.C. § 1924.  Pursuant to 28 U.S.C. § 1920, costs which may be taxed include:

>(1) Fees of the clerk and marshal;
>
>(2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
>
>(3) Fees and disbursements for printing and witnesses;

(4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;

(5) Docket fees under section 1923 of [Title 28 U.S.C.];

(6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of [Title 28 U.S.C.].

28 U.S.C. § 1920(1)-(6). Although the taxation of costs under Rule 54(d) is permissive, the Eighth Circuit has long held that there is a strong presumption that the prevailing party is entitled to an award of costs. *Thompson v. Wal Mart Stores, Inc.*, 472 F.3d 515, 517 (8th Cir. 2006). The losing party bears the burden of overcoming the presumption the prevailing party is entitled to recover all costs permitted by § 1920. *Stanley v. Cottrell, Inc.*, 784 F.3d 454, 464 (8th Cir. 2015).

The Court may not award costs other than those authorized by § 1920, because this section "imposes rigid controls on cost-shifting in federal courts[.]" *Brisco–Wade v. Carnahan*, 297 F.3d 781, 782 (8th Cir. 2002) (internal citations omitted). However, upon objection by the opposing party as to authorized costs, the Court may exercise its discretion to grant or deny costs. *Pershern v. Fiatallis N. Am., Inc.*, 834 F.2d 136, 140 (8th Cir. 1987).

Zurich contends the Court's summary judgment order entered in favor of Zurich on Fluor's claim of bad faith failure to settle established Zurich as the prevailing party in this litigation, entitling it to reimbursement of submitted costs. Fluor argues although Zurich prevailed on a "single, narrow issue," taxing costs to Fluor would ignore the material claims and defenses upon which Fluor prevailed during the litigation. Specifically, Fluor notes it defeated four of Zurich's five causes of action in its complaint, as well as the coverage arguments Fluor relied upon as affirmative defenses to Fluor's bad faith failure to defend claim.

"What counts as prevailing for purposes of an award of costs is a question of law." *Leonard v. Sw. Bell Corp. Disability Income Plan*, 408 F.3d 528, 533 (8th Cir. 2005). "Where each of the parties has prevailed on one or more of its claims, defenses or counterclaims, the district court has broad discretion in taxing costs." *Johnson v. Nordstrom–Larpenteur Agency, Inc.,* 623 F.2d 1279, 1282 (8th Cir.1980); *Tanner v. City of Sullivan*, No. 4:11-CV-1361 NAB, 2013 WL 3287168, at *1 (E.D. Mo. June 28, 2013). The district court retains discretion to award costs to a party who, though losing on some claims, substantially prevails in the case as a whole. *See Hillside Enters. v. Carlisle Corp.,* 69 F.3d 1410, 1416 (8th Cir.1995); *Scientific Holding Co. v. Plessey Inc.,* 510 F.2d 15, 28 (2d Cir. 1974). A classic example of a case in which this discretion may appropriately be exercised is one in which a defendant, though losing on a counterclaim, succeeds in warding off a predominant claim. *Ira Green, Inc. v. Mil. Sales & Serv. Co.*, 775 F.3d 12, 28 (1st Cir. 2014)

Here, while both sides prevailed on different claims, Fluor's legal relationship with Zurich was changed when the Court granted summary judgment on Fluor's bad faith failure to settle claim seeking an award of more than $300 million as well as punitive damages. *See Leonard v. Southwestern Bell Corp. Disability Income Plan*, 408 F.3d 528, 532 (8th Cir. 2005) (order remanding district court denial of costs because although plaintiff lost most claims she succeeded in changing her and others' legal position, in addition to recovering $20,000.00). The Court cannot agree with Fluor's classification of its bad faith failure to settle claim as a narrow issue. Instead, based upon the Court's extensive familiarity and knowledge of the litigation in this case, that has been pending since 2016, the Court finds Fluor's bad faith failure to settle claim to be the *predominant* claim in this litigation.

Comments by Fluor's counsel further confirm the Court's determination. After Fluor's claim of bad faith failure to settle and Zurich's exhaustion claim were resolved in Zurich's favor, Fluor asked the Court to stay the remaining causes of action in the case while it appealed the Court's grant of summary judgment. Fluor's counsel argued it did not make sense to proceed to trial on "two lesser claims" while awaiting a determination from the Eighth Circuit on what Fluor's counsel deemed "the most important causes of action in the case" and "the thrust of the lawsuit." ECF No. 722 at 7-8. Fluor also contends taxing costs to Fluor would be disproportionate to the results achieved by Zurich. As noted by Zurich in its Reply, however, taxing costs of $186,913.67 is not disproportionate where Zurich prevailed on a claim potentially valued at a billion dollars.

As Zurich is the "prevailing party," Fluor bears the burden of overcoming the presumption Zurich is entitled to recover all costs. Fluor argues any award of costs is barred by Zurich's litigation misconduct. Fluor notes Zurich was sanctioned three times by this Court for conduct that spanned from March 2018 through late 2020, significantly delaying the proceedings in this action. Fluor contends a denial of costs is appropriate where a prevailing party is guilty of misconduct.

Costs may be denied to a prevailing party if it is guilty of some misconduct or other action worthy of penalty. *See Greaser v. State, Dept. of Corrections*, 145 F.3d 979, 985 (8th Cir.1998). The Eighth Circuit takes an even broader view, finding Rule 54(d)'s grant of discretion alone permits a court to deny costs. *Id.* While misconduct is grounds for refusing to award costs to the prevailing party, the Court does not find the circumstances here warrant such a penalty. Although Zurich has acted in bad faith in the course of this litigation causing delay and the waste of judicial resources, the Court has already imposed serious sanctions on Zurich for

7

this misconduct. On July 26, 2019, and April 19, 2021, the Court ordered Zurich to pay costs and fees of $243,775.00 and $1,500,156.57, respectively, to Fluor. Additionally, on August 1, 2019, the Court sanctioned Zurich by ordering it to produce four categories of documents "without redaction or any claims of privilege, and with the understanding that any such privilege is waived." ECF No. 308 at 2. Having already levied serious sanctions against Zurich, the Court declines to do so again by denying costs based upon Zurich's same misconduct. Moreover, as pointed out by Zurich in its Reply, Fluor has likewise engaged in litigation misconduct.[1]

Fluor also contends Zurich should not be rewarded with costs that accrued due to its unreasonable delay in bringing its policy limits motion. Fluor points out that although Zurich could have raised the issue of policy limits at the outset of the case, it did not do so until the eve of trial. Due to this alleged delay, Fluor argues the costs incurred during discovery, including all deposition costs, were not reasonably necessary to the case and are not taxable. The Court does not find Fluor's argument persuasive. In bringing a claim for bad faith failure to settle, Fluor was required to prove as an element that Zurich refused to settle a claim within the policy limits.

---

[1] In a declaration filed late in this litigation by Fluor counsel John Wilson (in opposition to Zurich's motion for summary judgment), Fluor set forth averments it made oral demands for settlement to Zurich. However, these averments were not previously disclosed in response to Zurich's requests for admission and interrogatories. Further, upon being deposed, Fluor counsel Wilson claimed his demands were supported by the existence of contemporaneous notes. Fluor failed to record these notes on its privilege log. Zurich filed a motion to compel the production of, *inter alia*, Wilson's notes and certain of his email communications made at the time of his purported demands. Zurich also asked the Court to compel the production of Mr. Wilson for a second deposition. The Court conducted an *in camera* review of the documents sought by Zurich and ordered disclosure of certain notes and certain emails. The Court also reviewed Mr. Wilson's prior deposition testimony and found it to be rambling, argumentative and obstructive when questioned by Zurich about his alleged demands. Based on Mr. Wilson's non-responsive testimony and the Court's partial grant of Zurich's Motion to compel, the Court ordered Fluor to produce Wilson for further deposition. The Court later noted Wilson's averments of demands in his Declaration were unsupported by his deposition testimony or his contemporaneous notes and communications.

While Fluor argues Zurich should have shortened the litigation by immediately challenging the policy limits, Zurich could argue Fluor should not have brought suit lacking an essential element of its claim. The Court knows not the reasons for either party's delay in seeking the Court's necessary determination on the disputed policy limits but declines to speculate here. The Court does not find Fluor's proffered argument to bar an award of costs to Zurich.

Having determined Zurich is the prevailing party entitled to a reimbursement of costs under Rule 54(d), the Court will now examine Zurich's Bill of Costs, including declarations and itemizations, attached in support of its Motion. In its Motion, Zurich seeks an award of costs pursuant to 28 U.S.C. § 1920(2), for the for the following categories of costs:

**Filing Fee**

In its affidavit, Zurich alleges it paid a filing fee of $400.00 to the Clerk of Court to file its complaint in this action.

**Printed transcripts and video records of depositions**

In its affidavits in support of its motion, Zurich alleges it incurred fees for printed or electronically recorded transcripts, including video, as a result of Zurich's participation in the depositions of twenty-three witnesses, who in some cases were deposed on more than one occasion to discover facts and adduce testimony that was used in dispositive motion briefing and to prepare Zurich's trial defenses. Zurich states those costs resulted in Zurich incurring $119,165.79 in fees necessarily obtained for use in this case.

In response, Fluor asks the Court to exclude costs related to the depositions of nine Zurich witnesses and four third parties it claims were taken as a result of Zurich' previously sanctioned conduct. Fluor argues awarding those costs would undo the Court's Third Sanctions Order and refund Zurich's monetary sanctions. Fluor contends the Court should therefore deny

Zurich's request for $55,493.55 in costs related to these depositions (and detailed by Fluor in an exhibit attached to its memorandum).

In Reply, Zurich argues it has already been sanctioned and paid penalties, both monetary and through loss of privilege, for its discovery violations and failures. Zurich argues Fluor now seeks a new, additional sanction through the denial of costs incurred by Zurich and argues Fluor's own conduct bears on the equities of such a sanction. Moreover, Zurich notes, in its sanctions order awarding Fluor fees and costs resulting from Zurich's sanctioned conduct, the Court declined to award Fluor a significant portion of the deposition-related attorneys' fees and costs sought by Fluor, concluding the costs were unrelated to Zurich's sanctionable conduct.

As the Court stated above, it has previously levied serious sanctions against Zurich, including a penalty of costs and fees of $1,500,156.57 in 2021. Fluor now asks the Court to exclude $55,493.55 in deposition transcript fees for nine witnesses and four third parties based on Zurich's same misconduct. However, consistent with its third sanctions order, the Court does not find all of the deposition costs are attributable to Zurich's discovery misconduct. Moreover, the Court finds Fluor's own misconduct in this litigation–which was not similarly subject to a monetary sanction by the Court–further weighs against fully excluding the $55,493.55 suggested by Fluor. Weighing all considerations, the Court exercise its discretion to reduce the $119,165.79 in deposition-related fees requested by Zurich by $8,324.03—fifteen percent (15%) of Fluor's suggested reduction of $55,493.55.

Fluor also argues the Court should deny Zurich reimbursement for the costs of expedited and rough deposition transcripts as Zurich has not made a showing as to why expediting was

10

necessary. Fluor calculates $35,010.00 in costs related to expedited transcripts and attaches an appendix detailing these costs.[2]

In response, Zurich contends the cost of expedited transcripts is allowed where they are reasonable and necessary to prepare arguments for impending briefing and expert witness deadlines. Zurich asserts depositions taken between May 23, 2019, and July 1, 2019, were subject to deadlines in the Case Management Order, requiring expert reports be disclosed by August 23, 2019, and all fact discovery be completed by July 7, 2019. Zurich also states the depositions taking place between December 31, 2019, and February 22, 2020, were subject to deadlines under which Zurich's expert reports were due by January 20, 2020, all fact discovery was to be completed by January 6, 2020, and summary judgment and Daubert motions were to be filed by March 2, 2020. Zurich claims it ordered expedited transcripts of those depositions, as well as the depositions taken from February 28, 2020, to March 31, 2020, to allow sufficient time for Zurich to prepare its Daubert motions; to allow Zurich's experts sufficient time to review those depositions; and for Zurich to prepare its briefing on the motions for summary judgment and related motions. Zurich also explains it ordered the expedited transcript of John Wilson, in March 2021, and again for his court-ordered re-deposition – which took place the Friday before the trial was to begin.

Pursuant to 28 U.S.C. § 1920(2), the Court may award fees for printed or electronically recorded transcripts necessarily obtained for use in the case. Costs for expedited transcripts are allowed where the exigencies and deadlines which arise during litigation justify the cost of expedited transcripts. *See Glastetter v. Sandoz Pharms. Corp.*, No. 1:97–CV–00131, 2000 WL

---

[2] Fluor also notes its calculation of $ 55,493.55 in costs related to depositions taken as a result of Zurich's misconduct includes all but $12,993.95 of the $35,010.00 in expedited deposition costs.

11

34017154, at *4 n.3 (E.D. Mo. Oct. 3, 2000).  The Court finds the exigencies and deadlines here sufficient justification and will deny Fluor's objection to Zurich's request for the cost of expedited transcripts.  Zurich has demonstrated expedited transcripts were necessary to comply with the deadlines imposed by the case management orders in this case.

Consequently, the Court will reduce the $119,165.79 in deposition-related fees requested by Zurich by $8,324.03, resulting in an award of $110,841.76 to Zurich for the costs of printed transcripts and video records of depositions.

### Printed transcripts of hearings and trial and meet and confer calls

Zurich also claims it incurred $1,893.10 in fees for printed or electronically recorded transcripts of 1) multiple hearings held with the Court in connection with various motions and disputes briefed and filed with the Court; and 2) prepared by court reporters during good-faith meet and confer telephone conferences held with Fluor's counsel. Zurich argues the costs for these transcripts were incurred by Zurich to plan and prepare briefing to the Court, as well as to ensure a clear record was preserved of the arguments and issues in the record, given the highly contentious nature of this case.  Fluor raises no specific objection to this category of costs.

Zurich may recover hearing and trial transcripts if they were necessarily obtained for use in this case. 28 U.S.C. § 1920(2). A transcript does not need to be necessary only for trial to be considered necessary for use in the case. *Smith v. Tenet Healthsystem SL, Inc.*, 436 F.3d 879, 889 (8th Cir. 2006). Bearing in mind the strong presumption the prevailing party is entitled to an award of costs, after examining the declaration and supporting invoices, the Court finds $1,893.10 in fees sought by Zurich to be necessary for use in the case and taxable.

### Fees and Disbursements for Printing

Zurich avers it incurred a *total* of $27,906.00 in printing fees. Specifically, Zurich's counsel, Riley, Safer, Holmes, and Cancila, LLP, avers it incurred $7,885.86 in fees for printing various records produced through discovery, for reference and use by Zurich's counsel for reference and review during witness preparation for trial.  In addition, Zurich's co-counsel, Roberts Perryman, P.C., avers it incurred $20,020.14 in costs in connection with fees and disbursements for printing various records produced through discovery in order to plan and prepare for depositions, for use in preparing the various briefs filed in this action, and to provide the Court with courtesy copies for Pretrial Compliance, Dispositive Motions, Exhibits and certain pleadings.

**Fees for exemplification and the costs of making copies**

Zurich avers it incurred a *total* of $37,548.78 in fees for exemplification and the costs of making copies. Counsel for Zurich, Riley Safer, Holmes and Cancila LLP, avers it incurred $32,378.55 in exemplification and copying costs for making copies of materials for use in depositions and for trial. In addition, Zurich's co-counsel, Roberts Perryman, avers it incurred $5,170.23 in costs in connection with document scanning, file format conversion, and other activities used to produce documents in discovery, or otherwise performed for purposes of preparing documents for discovery, witness preparation, or motion practice.[3]

In its response to the above two categories of costs, Fluor challenges various supporting invoices included by Zurich (fees for printing and copying).  Fluor contends $15,491.87 of Zurich's printing and copying fees are not reimbursable as they were incurred for the

---

[3] Zurich avers these costs do not include electronic scanning or copying charges incurred by Zurich in order to comply with the Court's Sanctions Order entered in August 2019, which compelled additional production by Zurich (and Zurich state resulted in an additional $36,996.00 in scanning and copying costs associated with that production).

convenience of counsel. Fluor states Zurich's bill of costs provides an insufficient explanation to show that certain of those costs were incurred for use in litigating this case, rather than for the convenience of counsel. Fluor contends several other invoices appear to relate to binders prepared for Zurich's counsel's internal witness file.  In addition to the $15,491.87 it seeks to exclude, Fluor argues an additional $8,191.91 of Zurich's invoiced printing fees cannot be reimbursed as they constitute redundant printings of Fluor's or Zurich's trial exhibits, which Fluor claims indicates those exhibits were printed for the convenience of counsel.

In reply, Zurich notes Fluor has the burden to show copies were obtained for impermissible reasons and Zurich has provided substantiation for each of the invoices in the declarations and tables. Zurich also responds although Fluor complains about "redundant" printings of Fluor's and Zurich's trial exhibits, they constitute permissible extra copies prepared for the Court and counsel, for use during trial.

Copy and exemplification fees may be awarded if the fees were incurred for items "necessarily obtained" for use in the case. 28 U.S.C. § 1920(4). Printing fees are explicitly recoverable under 28 U.S.C. § 1920(4) and "[i]n determining whether a photocopy expense is necessary so as to be taxable as a cost and whether to award that cost to the prevailing party, the district court enjoys discretion so long as it does not act arbitrarily." *Concord Boat Corp. v. Brunswick Corp.*, 309 F.3d 494, 498 (8th Cir. 2002).  Bearing in mind the complexity and scope of this litigation, including the voluminous discovery and the number of documents produced, the Court has reviewed the printing, exemplification, and copying costs submitted in Zurich's application for reimbursement.  The Court finds these costs to be properly documented and substantiated in the supporting documents, including the declarations, tables, and invoices. The Court further finds the costs submitted by Zurich to be necessarily obtained for use in this case,

and awards Zurich $27,906.00 in printing fees and $37,548.78 for exemplification fees and the cost of making copies.

### III. SUMMARY OF AWARDED COSTS

In accordance with the foregoing, the Court notes it has awarded to Zurich the filing fee paid to the Clerk of Court of $400.00 and $1,893.10 in fees for printed or electronically recorded transcripts of hearings and trial and meet and confer calls. With regard to the costs of printed or electronically recorded transcripts, after reducing the amount requested by Zurich of $119,165.79 by $8,324.03, the Court will award $110,841.76 to Zurich. Further, the Court awards Zurich $27,906.00 in printing fees, and $37,548.78 for exemplification fees and the cost of making copies.  The total amount of reimbursement due Zurich is $178,589.64.

In the interests of judicial efficiency, Fluor argues the Court should stay Zurich's motion or the execution of any order on that motion, pending Fluor's appeal. The Court does not find the authorities cited by Fluor in support of its proposition persuasive and declines to stay Zurich's Motion or its execution.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant Zurich American Insurance Company's Motion for Bill of Costs [ECF No. 732] is **GRANTED in part and DENIED in part.**

**IT IS FURTHER ORDERED** that the Clerk of Court shall tax costs in the amount of $178,589.64 against Plaintiff Fluor Corporation.

Dated this 21st Day of April, 2022.

_E. Richard Webber_
———————————————
E. RICHARD WEBBER
SENIOR UNITED STATES DISTRICT JUDGE