**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | |
|---|---|
| FLUOR CORPORATION, ) | |
| ) | |
| ) | |
| Plaintiff/Counterclaim Defendant, ) | |
| ) | |
| v. ) | No. 4:16CV00429 ERW |
| ) | |
| ZURICH AMERICAN INSURANCE ) | |
| COMPANY, ) | |
| ) | |
| Defendant/Counterclaim Plaintiff. ) | |

**MEMORANDUM AND ORDER**

This matter comes before the Court on witness Doe Run Resources Corporation's Motion for Continued Sealing [759] and Defendant Zurich American Insurance Company's Motion for Continued Sealing [760] pursuant to Local Rule 13.05. Doe Run requests the Court continue sealing indefinitely those documents filed under seal in this case so as to protect Doe Run's privileged and confidential information or, if the Court wishes to unseal the record, the Court first provide Doe Run the opportunity to redact any privileged and confidential information in any of the documents currently filed under seal. Zurich's motion is unopposed by Fluor and asks the Court for the continued sealing of all sealed filings previously made in this action, until the question of sealing and unsealing may be more comprehensively addressed at "the conclusion of this civil action" pursuant to Local Rule 13.05(B), following remand from the U.S. Court of Appeals.

Local Rule 13.05(B)(2) states: "[u]nless otherwise ordered by the Court, all documents previously sealed in a civil action will remain sealed by the Clerk of Court for 90 days following final disposition of the litigation, unless a Motion to Continue Sealing is filed pursuant to

Section(A)(4)(a) . . . ." Section (B)(2) of Local Rule 13.05 indicates the conclusion of a civil action takes place "after a final order or other disposition has been issued in a civil action in the District Court, or . . . after the receipt of a mandate from the Court of Appeals in a case in which an appeal has been taken."[1]  Here, although the Court entered final judgment in this action on all claims on September 27, 2021, the case is currently pending in the Eighth Circuit on appeal. Thus, the case is not yet concluded for purposes of Rule 13.05, and accordingly, the Court will not address the question of indefinite sealing beyond the conclusion of the case at this time as requested by Doe Run.  Nevertheless, Zurich's unopposed request for temporary sealing until the conclusion of this action, shall be granted as it accords no further relief than is already prescribed under Rule 13.05.

**IT IS HEREBY ORDERED** that witness Doe Run Resources Corporation's Motion for Continued Sealing [759] is **DENIED** without prejudice to refiling at the conclusion of this civil action.

**IT IS FUTHER ORDERED** that Defendant Zurich American Insurance Company's Motion for Continued Sealing until the conclusion of this action [760] is **GRANTED**.

Dated this 19th Day of July 2022.

_E. Richard Webber_ (signature)

E. RICHARD WEBBER
SENIOR UNITED STATES DISTRICT JUDGE

---

[1] This language is set forth in Section 2(b) entitled "At conclusion of civil action." The language describes the circumstances constituting the conclusion of a civil action and then sets the time frame to file a motion to unseal documents previously sealed.  In the next sentence, a longer time frame is set forth for filing a Motion to Continue Sealing following the final disposition of the litigation, as just defined.