UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

FLUOR CORPORATION,            )
                              )
        Plaintiff,            )
                              )
    vs.                       )        Case No. 4:16CV429HEA
                              )
ZURICH AMERICAN INSURANCE )
COMPANY, et al.,              )
                              )
        Defendants.           )

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court Plaintiff's Motion for New Trial, [Doc. No. 1199]. Defendant Zurich opposes the Motion. For the reasons set forth below, the Motion will be denied.

### Facts and Procedural Background

This matter was initially tried to a jury beginning on April 28, 2025 and continuing through May 14, 2025. The Court declared a mistrial on May 14, 2025 because the jury was unable to reach a verdict.

The matter was retried before a jury beginning on November 3, 2025 and continuing through November 19, 2025. The jury returned a verdict in favor of Defendant on Plaintiff's bad faith failure to settle claim. Judgment was entered in accordance with the jury verdict.

Plaintiff now moves the Court to grant a new trial based on claimed errors.

**Legal Standard**

District courts have "broad discretion in determining whether to alter or amend judgment." *Uradnik v. Inter Fac. Org.*, 2 F.4th 722, 727 (8th Cir. 2021) (quoting *Briehl v. Gen. Motors Corp.*, 172 F.3d 623, 629 (8th Cir. 1999)). "Motions under Rule 59(e) serve the limited function of correcting manifest errors of law or fact or to present newly discovered evidence and cannot be used to introduce new evidence, tender new legal theories, or raise arguments which could have been offered or raised prior to entry of judgment." *Akpovi v. Douglas*, 43 F.4th 832, 837 (8th Cir. 2022) (quoting *Ryan v. Ryan*, 889 F.3d 499, 507 (8th Cir. 2018)); accord *United States ex rel. Holt v. Medicare Medicaid Advisors, Inc.*, 115 F.4th 908, 922 (8th Cir. 2024).

A party seeking to overturn a jury verdict based on the insufficiency of the evidence faces an onerous burden. See *United States v. Big D Enters., Inc.*, 184 F.3d 924, 929 (8th Cir. 1999). "Judgment as a matter of law is only appropriate when no reasonable jury could have found for the nonmoving party." *Hopman v. Union Pac. R.R.*, 68 F.4th 394, 399 (8th Cir. 2023) (citations omitted). Entry of judgment as a matter of law "is proper only when there is a complete absence of probative facts to support the conclusion reached so that no reasonable juror could have found for the nonmoving party." *Henderson v. Simmons Foods, Inc.*, 217 F.3d 612, 615 (8th Cir. 2000) (internal punctuation and citations omitted). See also

2

*S. Wine & Spirits of Nevada v. Mountain Valley Spring Co.*, LLC, 646 F.3d 526, 533 (8th Cir. 2011) ("Judgment as a matter of law is only appropriate when no reasonable jury could have found for the nonmoving party.").

## Discussion

## Bad Faith Failure to Settle Elements

The Missouri Supreme Court has recognized the claim of bad faith failure to settle under Missouri law.

This Court first recognized a bad faith refusal to settle action in *Zumwalt v. Utilities Insurance Co.*, stating:

[W]here the insurer in a liability policy reserves the exclusive right to contest or settle any claim brought against the assured, and prohibits him from voluntarily assuming any liability or settling any claims without the insurer's consent, except at his own costs, and the provisions of the policy provide that the insurer may compromise or settle such a claim within the policy limits, no action will lie against the insurer for the amount of the judgment recovered against the insured in excess of the policy limits, unless the insurer is guilty of fraud or bad faith in refusing to settle a claim within the limits of the policy. 360 Mo. 362, 228 S.W.2d 750, 753 (1950). Accordingly, a bad faith refusal to settle action will lie when a liability insurer: (1) reserves the exclusive right to contest or settle any claim; (2) prohibits the insured from voluntarily assuming any liability or settling any claims without consent; and (3) is guilty of fraud or bad faith in refusing to settle a claim within the limits of the policy. See *id*.

*Scottsdale Ins. Co. v. Addison Ins. Co.*, 448 S.W.3d 818, 827 (Mo. 2014)(footnote omitted).

Plaintiff claims the Court's holding denying summary judgment but finding that the Court would consider Defendant's conduct in controlling the Bronson-

3

Smoger litigation and settlement was a fundamental misapplication of Missouri

law. Plaintiff is essentially seeking reconsideration of Judge Webber's finding that

courts can consider an insurer's actions in assuming control of litigation.

> The Court's review of Missouri BFFS cases confirms courts consider an insurer's actions in assuming control of litigation and settlement when evaluating a claim for BFFS. For example, in *Advantage Bldgs. & Exteriors, Inc. v. Mid-Continent Cas. Co.*, the Missouri Court of Appeals determined the insured offered substantial evidence on each element of its claim to make a submissible case of BFFS. 449 S.W.3d 16, 25 (Mo. Ct. App. 2014). In its analysis, the *Advantage* court discussed the actual conduct of the insurer, Mid-Continent, in controlling the litigation and settlement opportunities. The court stated that the evidence at trial "showed that the insurer accepted the defense of the lawsuit against the insured, hired a lawyer to defend the lawsuit, and thereafter assumed control over the negotiation, settlement, and legal proceedings." *Id*. at 26. The court noted "Mid-Continent controlled the negotiations for nearly two years and participated in mediations during that time . . . [and] continued to control the defense of the claim until . . . four days before the trial date . . . ." *Id.*
>
> The Court finds other Missouri cases instructive in concluding an insurer's conduct may be considered in evaluating the first two elements of BFFS. In *Blount v. Nationwide Agribusiness Ins*., the District Court evaluated whether the insured had properly pleaded a prima facie case of BFFS. 413 F. Supp. 3d 933, 937-38 (W.D. Mo. 2019). In concluding the elements of BFFS were properly pleaded, the Court relied on allegations of the insurer's conduct in negotiating settlement but did not discuss the policy language. *Id*. at 935-38. In addition, several Missouri Courts have determined when an insurer has denied coverage and refused to defend a claim tendered by its insured, the insured alleging BFFS is not required to plead the conduct of the insurer in controlling the litigation and settlement. See *Shobe*, 279 S.W.3d at 210-11; *Columbia Cas. Co. v. HIAR Holding, L.L.C.*, No. SC93026, 2013 WL 4080770, at *13 (Mo. Aug. 13, 2013) (*en banc*); *Cincinnati Ins. Co. v. Missouri Highways*, No. 4:12-CV-01484-NKL, 2013 WL 12097460, at *2 (W.D. Mo. Nov. 4, 2013). The reasoning in these cases indicates Missouri courts consider an insurer's conduct in controlling litigation and settlement. If the language of the liability policies alone could satisfy the first two BFFS elements, the courts would simply have examined

4

the policies, and would not have found it necessary to relieve the insured of the usual requirement of pleading the insurer's conduct in controlling litigation. Accordingly, in examining the first and second elements of BFFS, the Court will consider not only the Policies' provisions, but also Zurich's conduct in controlling the Bronson/Smoger litigation and settlement.

Here, as discussed above, Fluor has offered the language of the Policies and Zurich's reservation of rights as evidence Zurich had the contractual right to control settlement and prohibit Fluor from unilaterally settling. In response to Fluor's Motion, Zurich has set forth evidence in support of its argument that its insureds, Doe Run and Fluor, exercised actual control over the litigation and settlement of the Bronson/Smoger suits-not Zurich.

Memorandum and Order, Doc. 481, p. 22-22, September 20, 2020.

While Plaintiff has objected to the rulings regarding the first two elements of BFFS throughout this case, it has presented no new authority which would give rise to reconsideration of Judge Webber's Order. The findings and conclusions which Judge Webber articulated in his Opinion clearly set out bad faith failure to settle under Missouri law. Missouri courts have established that consideration of the control both insurers and insureds take over litigation is fact based and a question to be put before the finder of fact rather than a determination for the court.

**Closing Argument**

Plaintiff argues that Defendant misled the jury and failed to abide by the Court's *in limine* orders through its closing argument. "To be entitled to a new trial based on an improper closing argument, a party must show that the closing argument was 'plainly unwarranted and clearly injurious.' [*Keller Farms, Inc. v. McGarity Flying Serv., LLC*, 944 F.3d 975,] 984-85 [(8th Cir. 2019)](citation

5

omitted). *Mahaska Bottling Co., Inc. v. Bottling Grp., LLC*, 6 F.4th 828, 831 (8th Cir. 2021).

As Defendant argues, the Court instructed the jury that closing arguments are not evidence and that its decision must be based on the evidence presented during the trial. The instructions inform the jury of its duty. Notably, "[a] jury is presumed to follow its instructions. *Richardson v. Marsh*, 481 U.S. 200, 211, 107 S.Ct. 1702, 95 L.Ed.2d 176 (1987)." *Weeks v. Angelone*, 528 U.S. 225, 234 (2000).

Moreover,

[t]o the extent the statements were prejudicial, the district court remedied any prejudice by instructing the jury—both before opening statements and after closing arguments—that counsel's remarks are not evidence. *Billingsley v. City of Omaha*, 277 F.3d 990, 997 (8th Cir. 2002) ("Moreover, the district court admonished the jury, at the beginning of trial and prior to the closing arguments, that statements made by the attorneys are not evidence. The admonition remedied any prejudice incurred by Billingsley.").

*Selective Ins. Co. of Am. v. Heritage Constr. Companies, LLC*, 165 F.4th 1132, 1142 (8th Cir. 2026).

Plaintiff utilized the opportunity in rebuttal to argue its position in response to Defendant's argument. Indeed, Plaintiff directed the jury to focus on the Court's instructions and apply the specific instructions to the evidence. On balance, Plaintiff has not established that counsel's closing argument was plainly unwarranted and clearly injurious.

**Testimony of Dawn Hiestand and Denial of Curative Instruction**

Plaintiff argues admission of Dawn Hiestand's testimony regarding Defendant's reservation of rights letter and the hiring of independent counsel is violative of Judge Webber's Order in limine. In his in limine order, Judge Webber agreed with Plaintiff that *Scottsdale* focuses on the right to settle, not the day-to-day defense of a claim, particularly under the circumstances where an insurer is defending pursuant to a reservation of rights. Judge Webber did not allow argument by Defendant that its reservation of rights and selection of independent counsel established waiver of Defendant's right to settle claims or prohibit voluntary settlement payments by Plaintiff. Nor did he permit Defendant to argue that the day-to-day defense of the Bronson/Smoger cases waived its policy rights. Judge Webber did not, however, exclude evidence of Defendant's reservation of rights or the role of the independent defense counsel.

Plaintiff believes Defendant violated the court's order through Ms. Hiestand's testimony. Plaintiff argues Defendant presented her testimony which was designed to support the arguments precluded by Judge Webber. Plaintiff's argument is not persuasive. As specifically ruled in Judge Webber's Order, Defendant was not precluded from presenting evidence of Defendant's reservation of rights and hiring independent counsel. Ms. Hiestand's testimony fits within the bounds of the Order.

> "In order for a violation of an order granting an in limine motion to serve as a basis for a new trial, the order must be specific in its prohibition and the

violation must be clear." *Russell* [*v. Whirlpool Corp.*]*,* 702 F.3d [450, ] 460 [(8th Cir. 2012)] "[A] new trial may follow only where the violation has prejudiced the parties or denied them a fair trial." *Pullman v. Land O'Lakes, Inc.*, 262 F.3d 759, 762 (8th Cir. 2001). A violation is prejudicial where it "in all probability produced some effect on the jury's verdict and is harmful to the substantial rights of the party assigning it." *Id.*

*Selective Ins.*, 165 F.4th at 1140. Because Defendant did not attempt to argue waiver contrary to the in limine ruling, the proposed curative instruction was refused.

**Jury's Verdict against the Weight of the Evidence**

A party seeking to overturn a jury verdict based on the insufficiency of the evidence faces an onerous burden. See *United States v. Big D Enters., Inc.*, 184 F.3d 924, 929 (8th Cir. 1999). "Judgment as a matter of law is only appropriate when no reasonable jury could have found for the nonmoving party." *Hopman v. Union Pac. R.R.*, 68 F.4th 394, 399 (8th Cir. 2023) (citations omitted). Entry of judgment as a matter of law "is proper only when there is a complete absence of probative facts to support the conclusion reached so that no reasonable juror could have found for the nonmoving party." *Henderson v. Simmons Foods, Inc.*, 217 F.3d 612, 615 (8th Cir. 2000) (internal punctuation and citations omitted). See also *S. Wine & Spirits of Nevada v. Mountain Valley Spring Co., LLC*, 646 F.3d 526, 533 (8th Cir. 2011) ("Judgment as a matter of law is only appropriate when no reasonable jury could have found for the nonmoving party.").

In ruling on a motion for judgment as a matter of law, "the district court must (1) consider the evidence in the light most favorable to the prevailing party, (2) assume that all conflicts in the evidence were resolved in favor of the prevailing party, (3) assume as proved all facts that the prevailing party's evidence tended to prove, and (4) give the prevailing party the benefit of all favorable inferences that may reasonably be drawn from the facts proved. *Cont'l Res., Inc. v. Fisher*, 102 F.4th 918, 925 (8th Cir. 2024) (citations and quotations omitted). "[A district] court must [ ] deny the motion if reasonable persons could differ as to the conclusions to be drawn from the evidence." *Id*.

The Court finds that there was sufficient evidence from which a reasonable jury could find in favor of Defendant. As Defendant argues, it presented evidence that it did not retain exclusive right to settle or prohibit voluntary settlement in light of the uncovered plaintiffs in the underlying litigation, and that Plaintiff and Doe Run controlled the ability to settle. Moreover, evidence was presented that Plaintiff was not inclined to settle and did not want to contribute to any settlement.

 **Evidence of Bad Faith**

Plaintiff argues the Court excluded evidence of Defendant's bad faith. Plaintiff sought to submit evidence that the $60 million global  settlement offer remained open until December 13, 2010. However, because the offer was rejected through a counteroffer, the Court excluded the evidence. Defendant is correct that

9

the evidence was properly excluded. "To be effective, the terms of the acceptance ,must mirror the terms of the offer, and '[a]ny acceptance that includes new or variant terms from the offer presented amounts to a counter-offer and a rejection of the original offer.' *Pride v. Lewis*, 179 S.W.3d 375, 379 (Mo. App. 2005). Thus, under the common law of contracts, which governs the formation of settlement agreements, a counteroffer operates as a rejection that terminates the ability to later accept a settlement offer." *Jameson v. Still*, 643 S.W.3d 306, 309 (Mo. 2022).

The November 7, 2010 memorandum of Defendant's coverage counsel was later excluded because the Court on remand from the Eighth Circuit Court of Appeals, found that the underlying suit arose from a single occurrence, therefore the memorandum initially ordered disclosed was no longer relevant to the issues for trial.

With regard to the "2010: Zurich Best Practice Guidelines," Plaintiff again fails to detail what practices were not followed or how the failure to follow them could establish Defendant's bad faith. As Defendant points out, in *Johnson v. Allstate Insurance Co.*, 262 S.W. 3d 655, 664 (Mo. Ct. App. 2008), the *Johnson* plaintiffs identified specific best practices that the defendant failed to meet. Plaintiff did not do so here.

## Conclusion

10

Based upon the foregoing, Plaintiff has not met its burden to establish it is entitled to a new trial.

Accordingly,

**IT IS HEREBY ORDERED** that the Motion for New Trial, [Doc. No. 1199], is **DENIED.**

Dated this 30th day of June, 2026.


_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE